THE HOME OIL COMPANY, INC. *v.* NANCY ROYCE TODD
(12439)

PETERS, C. J., HEALEY, SHEA, DANNEHY and COVELLO, Js.

Argued December 5, 1984—decision released February 26, 1985

*Russell A. Kimes, Jr.,* for the appellant (defendant).

*Allan M. Cane,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. This appeal presents the question whether the trial court erred in striking the defendant's claim for a trial by jury. The plaintiff, The Home Oil Company, Inc., initiated a contract action against the defendant, Nancy Royce Todd, seeking the balance of monies due for a new heating oil system installed for her by the plaintiff, for heating fuel oil delivered and service provided to her, and for attorney's fees.[1] The complaint in eight counts was filed on August 5, 1982. On December 15, 1982, the defendant filed an "Answer and Counterclaim" to the plaintiff's complaint. In the defendant's counterclaim, she alleged

---

[1] The pleadings indicate that the contractual relationship between the plaintiff and the defendant involved four different properties located in Stamford.

the plaintiff's failure to repair promptly another heating system which purportedly caused "great damage" to her property; reliance on the plaintiff's promise to repair this system; and negligence on the plaintiff's part in its failure to repair it promptly.

On January 19, 1983,[2] the plaintiff answered the counterclaim with a "Reply to Counter Claim" and a "Reply in Avoidance . . . to the Counter Claim."[3] In

[2] This pleading by the plaintiff is dated December 23, 1982. The record and court file indicate, however, that it was filed in the clerk's office on January 19, 1983. At oral argument, counsel for the plaintiff stated that he had mailed the reply and claim for the trial list on December 23, so that he could not account for the lapse of time between the date of the pleading and the date on which the papers were endorsed by the clerk of the court. The filing date as endorsed by the clerk on the pleading controls for purposes of determining the date a pleading is filed. See Practice Book § 127; see also Practice Book § 260 ("All claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk.")

[3] This pleading provides:

"AS AND FOR A FIRST REPLY IN AVOIDANCE TO THE FIRST AND SECOND COUNT OF THE COUNTER CLAIM, THE PLAINTIFF ALLEGES:

"1. The defendant prior to the date hereof and on or about March 19, 1981, requested the plaintiff by telephone to be taken off the automatic delivery of oil program. (See copy of accounting record attached hereto and made a part hereof and called plaintiff's Exhibit 'G'.)

"2. That thereafter and on or about March 20, 1981 a notice was sent to the defendant by the plaintiff, certified mail, confirming the defendant's request to terminate automatic delivery of oil. (See copy of notice and signed receipt for certified mail attached hereto and made a part hereof and collectively called plaintiff's Exhibit 'H'.)

"3. That the defendant received a delivery of fuel oil at 28 Third Street, Stamford, Connecticut, on or about December 8, 1981. (See copy of delivery ticket attached hereto and made a part hereof and called plaintiff's Exhibit 'I'.)

"4. That the defendant, when she requested service for her heating system at 28 Third Street, Stamford, Connecticut, on January 18, 1982, was apprised by the plaintiff that the system would not operate because the tank was out of oil and had been since approximately January 6, 1982, based on standard degree days.

"5. That the defendant refused to have oil delivered unless requested by her.

"6. That said request was made by the defendant on the same date of the request for service, January 18, 1982, which indicated that the tank

essence, this pleading, according to the defendant, raised "a defense analogous to contributory negligence"; it also alleged that the service contract expressly excluded damages resulting from "external causes." The gravamen of the plaintiff's claim in this pleading was that the defendant's failure to order oil for the heating system in question caused its breakdown and any damages resulting therefrom. Simultaneously, the plaintiff's counsel filed a claim for the trial list, indicating his election that this dispute be tried to the court.

A "pretrial conference" between the parties was held on April 7, 1983. Because this did not resolve the dispute, the court informed the parties that the matter would be tried on April 12, 1983. The record and court file disclose that the defendant claimed the case for jury trial on the date of the conference. Apparently, there had been no discussion at the pretrial conference regarding the defendant's intent to claim a jury trial. The case, however, was not tried on April 12 because the defendant was away on vacation and, therefore, was unavailable. The court continued the matter until May 4, 1983.

---

was in fact empty. (See copy of delivery ticket attached hereto and made a part hereof and called plaintiff's Exhibit 'J'.)

"7. That the defendant was fully and fairly apprised on January 18, 1982 that the reason her system was not operating was because she was out of oil by her own doing.

"AS AND FOR A SECOND REPLY IN AVOIDANCE TO THE FIRST AND SECOND COUNT OF THE COUNTER CLAIM, THE PLAINTIFF ALLEGES:

"1. The plaintiff repeats and reiterates paragraphs 1 through 7 of its First Reply in Avoidance to the First and Second Count of the Counter Claim with the same force and effect as if more fully set forth at length herein.

"2. That the plaintiff's Service Contract excludes any damages caused by external causes and therefore is not liable for the damages alleged. (See copy of Service Contract attached hereto and made a part hereof and called plaintiff's Exhibit 'K'.)

"THE PLAINTIFF
"By /s/ Allan M. Cane"

On April 25, 1983, the plaintiff filed a motion to strike the defendant's claim for the jury docket,[4] asserting that the defendant's jury claim was not filed timely in accordance with General Statutes § 52-215.[5] According to the plaintiff, the jury claim had not been filed within ten days from the time that the issues had been

---

[4] "MOTION TO STRIKE CLAIM
FOR JURY DOCKET

"The plaintiff moves that the claim for jury docket be stricken in accordance with Section 52-215 of the Connecticut General Statutes in that:

"1. The issue was joined herein by the plaintiff filing a reply to the counter claim on December 23, 1982.

"2. That the claim for the jury docket was more than thirty (30) days after the return date and more than ten (10) days after the issue was joined.

"3. That as a result thereof the claim for jury docket is improper.

"THE PLAINTIFF
"By /s/ Allan M. Cane"

[5] General Statutes § 52-215 provides: "In the superior court a docket shall be kept of all cases. In such docket immediately following the names of the parties and their attorneys in all jury cases shall be entered the word 'jury.' The following-named classes of cases shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day: Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the actions of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity, except that there shall be no right to trial by jury in civil actions in which the amount, legal interest or property in demand does not exceed two hundred fifty dollars or in a summary process case. When, in any of the above-named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court. All issues of fact in any such case shall be tried by the jury, provided the issues agreed by the parties to be tried by the court may be so tried. All cases not entered in the docket as jury cases under the foregoing provisions, including actions in which an account is demanded and judgment rendered that the defendant shall account, writs of habeas corpus and ne exeat, complaints for dissolution of marriage and all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases, and shall, with all issues of law and issues of fact, other than those hereinbefore specified, which may be joined in actions entered on the docket as jury cases, be disposed of as court cases."

joined by the plaintiff's "reply" to the counterclaim. The defendant thereafter filed a "Reply to Matters in Avoidance"[6] on April 27, 1983, in which she denied the basic allegations set forth in the plaintiff's "Reply in Avoidance to . . . Counter Claim" that had been filed previously on January 19, 1983.

The case came to trial on May 4, 1983. Before the presentation of evidence, the trial court denied from the bench the defendant's claim for jury trial; defense counsel took timely exception to the ruling.[7] The trial proceeded and the court rendered judgment against the defendant on all eight counts of the plaintiff's complaint. Because the defendant again was on vacation

---

[6]      "REPLY TO MATTERS IN AVOIDANCE

"The defendant hereby replies to the matters raised by the plaintiff's Reply in Avoidance:

"AS TO THE FIRST REPLY IN AVOIDANCE:

"1. The defendant denies the allegations contained in paragraphs 1 and 2 of the plaintiff's reply in avoidance.

"2. The defendant admits the allegation contained in paragraph 3 of the reply in avoidance.

"3. The defendant admits so much of the plaintiff's reply in avoidance as alleges that she requested service for her heating system on January 18, 1983 and denies the other allegations therein.

"4. The defendant denies the allegations of paragraphs 5, 6 and 7 of the reply in avoidance.

"AS TO THE SECOND REPLY IN AVOIDANCE:

"The defendant repeats and reiterates paragraphs 1 through 4 of her Reply to the First Reply in Avoidance with the same force and effect as if more fully set forth at length herein.

"The defendant denies the allegations of paragraph 2 of the Second Reply in Avoidance.

"THE DEFENDANT

"By /s/ Russell A. Kimes, Jr.

Her Attorney"

[7] Although a review of the transcript indicates that the trial court did not expressly state its reason for denying the defendant's claim for a jury trial, the parties agree that the theory of denial was as set forth in the plaintiff's motion to strike the claim for the jury docket. See footnote 4, supra.

and did not appear for this trial, the court, upon the plaintiff's motion, nonsuited the defendant on her counterclaim.

On appeal, the defendant claims only that the trial court erred in striking her claim for a jury trial. She contends that the plaintiff's pleading in reply to her counterclaim set forth matters in avoidance that required a further pleading by her in order to close the pleadings. The defendant also maintains that the pleadings were not closed until she filed her "Reply to Matters in Avoidance," and, therefore, her claim for a jury was filed within the time limitations of § 52-215 because it was asserted prior to the date of her reply. We agree, and find error.

We have stated that General Statutes § 52-215 "provides two periods of time within which an issue proper for trial by jury may be entered in the jury docket. One is 'within thirty days after the return day.' The other is contained in the provision which reads, in part, as follows: 'When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . .' *Leahey* v. *Heasley,* 127 Conn. 332, 334, 16 A.2d 609 [1940]." *Amercoat Corporation* v. *Transamerica Ins. Co.,* 165 Conn. 729, 732, 345 A.2d 30 (1974), cert. denied sub nom. *Pfotzer* v. *Amercoat Corporation,* 431 U.S. 967, 97 S. Ct. 2926, 53 L. Ed. 2d 1063 (1977); see also *Noren* v. *Wood,* 72 Conn. 96, 98, 43 A. 649 (1899). It is the latter period that is involved in the present appeal.

To ascertain whether the defendant's claim for a jury trial was timely, we must determine when the ten day period began to run, that is, "[w]hen . . . an issue of fact [was] joined." General Statutes § 52-215. We have said in this context that "[t]he word 'when' has been construed to mean 'whenever.' *Noren* v. *Wood,*

[supra, 98]." *Amercoat* v. *Transamerica Ins. Co.*, supra, 732. We also have recognized that the issue of fact "must be formed by the pleadings in writing. See *Avon Mfg. Co.* v. *Andrews,* 30 Conn. 476, 488 [1862]." *Amercoat Corporation* v. *Transamerica Ins. Co.,* supra. Accordingly, we examine both the pleadings of the parties and the time frame within which they had been filed in the court below.

At the outset, we emphasize that the construction of a pleading is a question ultimately for the court. See generally *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 216 A.2d 193 (1965); *Cook* v. *Miller,* 103 Conn. 267, 278, 130 A. 571 (1925). When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party. In this vein, we analyze the pleadings at issue in the present case.

The plaintiff's complaint alleged in eight counts monies due in contract for services rendered and oil delivered and for attorney's fees incurred in this action. In her answer filed on December 15, 1982, the defendant admitted all the allegations contained in the complaint except those claiming attorney's fees. With her answer, the defendant also filed properly a counterclaim in three counts. See Practice Book § 116.[8] In response to the defendant's counterclaim, the plaintiff filed a pleading entitled a "Reply to Counter Claim" as well as the following: "As and for a First Reply in Avoidance to the First and Second Count of the Counter Claim" and "As and for a Second Reply in Avoidance to the First and Second Count of the Counter Claim." See footnote 3, supra. This pleading by the

---

[8] Practice Book § 116 provides in pertinent part: "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ."

plaintiff, in its entirety, addressed only matters concerning the defendant's counterclaim; it did not constitute a pleading responding directly to the defendant's answer to the complaint. See Practice Book §§ 171, 172.

Under our rules of practice, a counterclaim, if proper, is an independent action. See Practice Book §§ 116, 168, 169; *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 63, 485 A.2d 1296 (1985); see also *Schurman* v. *Schurman,* 188 Conn. 268, 270, 449 A.2d 169 (1982). It has been defined as "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 129b. For purposes of examining pleadings relative to a counterclaim then, the party asserting it becomes the "plaintiff" on the counterclaim. Accordingly, the general rule is that "[a] counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action." 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 129g; see also Practice Book § 168 (a counterclaim "shall be pleaded and replied to according to the rules governing complaints and answers"). The pleading containing the counterclaim serves as the "complaint," and the "defendant" on the counterclaim, the plaintiff Home Oil in this case, responds to it by filing an answer to the counterclaim. See Practice Book §§ 112, 168.[9] Subsequent to the filing of the answer to the counterclaim by the defendant on the counterclaim, the plaintiff on the counterclaim, i.e., the defendant in the original action, may have to file a "reply" in response to the answer to the counterclaim. See Prac-

---

[9] Our rules in Connecticut thus differ from the federal rules under which a plaintiff's answer to a counterclaim is denominated as a "reply." Fed. R. Civ. P., rule 7 (a).

tice Book §§ 112, 171, 172. We examine the pleadings relative to the counterclaim in the present case under these procedural guidelines.

As stated above, the defendant Todd properly asserted a counterclaim in three counts which she had filed with her answer to the complaint. In response to this counterclaim, the plaintiff filed a pleading entitled "Reply to Counter Claim." That pleading, under the circumstances of this case, despite its label, plainly constituted an answer to the allegations of the defendant's three count counterclaim. That the parties and the trial court mistakenly construed this pleading as a reply rather than as an answer to the counterclaim is not controlling for resolution of this appeal. See Practice Book § 3060D; *Mizla* v. *Depalo,* 183 Conn. 59, 63, 438 A.2d 820 (1981); *Stoni* v. *Wasicki,* 179 Conn. 372, 374, 377, 426 A.2d 774 (1979). In conjunction with the "Reply to Counter Claim," the plaintiff also asserted two "Repl[ies] in Avoidance to the First and Second Count of the Counterclaim," to which we have already referred. As already pointed out, these "replies in avoidance" alleged both "a defense analagous to contributory negligence" and a defense of disclaimer under the oil system service contract between the parties. These allegations were in the nature of matter in avoidance in that they introduced other facts inconsistent to those pleaded in the counterclaim in order to avoid it. See Practice Book § 172; *Holtz* v. *S. Landow Fruit & Produce Co.,* 125 Conn. 358, 362, 5 A.2d 882 (1939); *Mahaiwe Bank* v. *Douglass,* 31 Conn. 170, 177 (1862). Because these allegations pleaded factual matter new to the action in this case, the defendant Todd, as plaintiff on the counterclaim, should have been permitted to reply to them in a responsive pleading. See Practice Book §§ 112, 171.

The defendant's pleading filed April 27, 1983, captioned "Reply to Matters in Avoidance," constituted a

reply to the plaintiff's answer in avoidance of the counterclaim; the plaintiff's invocation of Practice Book § 173[10] to invalidate this pleading thus is without merit. The defendant's "Reply to Matters in Avoidance" cannot be considered a pleading "subsequent to reply," under Practice Book § 173, and, therefore, the defendant was not required to obtain "leave of the court" to file it under that Practice Book section. In this case then, the defendant's "Reply to Matters in Avoidance," which denied the new matters in avoidance raised by the plaintiff in its responsive pleading to her counterclaim, was a proper and necessary pleading to join issue. See Practice Book § 129 (implied admissions). "Where responsive pleading is required . . . the issue is joined when the responsive pleading is filed." 2 Stephenson, Conn. Civ. Proc. (2d Ed. 1971) § 173. The defendant's "Reply to Matters in Avoidance" was a pleading that joined new issues of fact in this case, and, therefore, the ten day period under § 52-215 began to run when it was filed on April 27, 1983.

The defendant Todd had filed her jury trial claim on April 7, 1983, a point in time when no viable ten day period under § 52-215 was running. We have recognized, however, that a "premature" jury trial request " 'remain[s] in the files until an issue [of fact is] joined. . . . The request, never having been recalled, was a continuing authority' to the clerk to place the cause on the jury docket upon the joining of issue." *Amercoat Corporation* v. *Transamerica Ins. Co.,* supra, 733–34, quoting *Fuller* v. *Johnson,* 80 Conn. 493, 494–95, 68 A. 977 (1908). Therefore, in light of the April 7, 1983 claim by the defendant for the jury trial list and the subsequent joining of the issue of fact with the filing of the defendant's reply on April 27, 1983, this case was

---

[10] "[Practice Book] Sec. 173. —— ——PLEADINGS SUBSEQUENT TO REPLY

"Further pleadings, subsequent in their nature, may be had if necessary by leave of the court."

required to be entered on the jury trial docket. *Amercoat Corporation* v. *Transamerica Ins. Co.,* supra, 734. Accordingly, the striking of the defendant's claim for the jury was clearly erroneous. Practice Book § 3060D.

There is error, the judgment is vacated and the matter is remanded with direction to restore the case to the jury trial docket.

In this opinion the other judges concurred.