[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The question before this court is an interesting one. The defendants want to counterclaim against the parents of a deceased child (drowned in defendant's pool) in an action against the defendants brought by the estate of said deceased child. The interesting issue here is that the counterclaim is directed against individuals who are not parties to the action. CT Page 3002 "Under our rules of practice, a counterclaim, if proper, is an independent action. See Henson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 63." Home Oil Co. v. Todd, 195 Conn. 333, 341.
"It has been defined as a cause of action existing in favor of the defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." Ibid. at 341.
Connecticut Practice Book 116, in the last sentence, reads as follows:
 A defendant may also file a counterclaim or cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant."
According to the note after 116, it states that the last sentence above was added effective July 1, 1978, to make clear that indemnification claims can be pursued as part of the original action and do not have to await its termination.
In the counterclaim, the defendant alleges that the child's death was proximately caused by the active and primary negligence of the plaintiffs rather than any negligence of the defendants, that the plaintiffs were in exclusive control of the situation giving rise to the child's death, and that the defendants were unaware of the plaintiff's negligence and had no reason to anticipate that negligence.
The defendants argue that they have met successfully all of the requirements of the active-passive test set down in the case of Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405. From the facts as alleged in the memorandums filed, this court questions whether the issue of control is clear enough in this case. But that is for a later date.
One of the glaring deficiencies in the counterclaim is that it has been directed against individuals who are not parties to the action. It may very well be that they may become parties, but at this time, they are not.
The motion to dismiss is granted.
WILLIAM J. McGRATH, JUDGE CT Page 3003