[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Federal National Mortgage Association ("FNMA"), is the owner, by way of assignment, of a note and mortgage deed executed by the defendants Joseph Segar III and Paul R. Simko. On June 9, 1992, plaintiff filed a complaint alleging that the defendants had failed to make installment payments on the note according to the terms of the note. Plaintiff seeks, inter alia, a foreclosure of the mortgage.
Defendant Segar ("defendant") entered a pro se appearance on June 18, 1992. On June 25, 1992, defendant filed an "application for protection from foreclosure" pursuant to General Statutes 49-31f. This application was granted by Judge McDonald, however the date it was granted was not indicated on the application. On July 31, 1992, plaintiff filed a "motion to set aside ruling granting application for protection from foreclosure", on the ground that plaintiff was incorrectly informed by the clerk's office that the application was marked "off" the short calendar. This motion to set aside was not ruled on by the court.
Plaintiff filed an "objection" to defendant's application on August 27, 1992. Plaintiff's objection addressed the statutory requirements for relief from foreclosure pursuant to CT Page 56549-31 (d), et seq.; and asserts that the defendant has failed to fulfill these requirements. This objection was sustained on September 8, 1992. On September 4, 1992, defendant filed an "objection to the plaintiff FNMA's objection to motion dated August 26, 1992", requesting that the court deny plaintiff's objection and allow defendant the opportunity to argue the plaintiff's motion to set aside. This objection was not ruled on by the court.
On September 17, 1992, the court vacated the September 8, 1992, ruling sustaining plaintiff's objection to defendant's application, and ordered plaintiff's objection to defendant's application and plaintiff's motion to set aside the granting of defendant's application to be placed on the calendar.
On October 6, 1992, defendant filed an "answer to the plaintiff FNMA objection to motion dated August 26, 1992". This pleading includes a history of the underlying business transaction and the economic events leading to the foreclosure action; defendant's explanation for the default on the note; defendant's testament of his ability to repay in the future; and a discussion regarding defendant's view on the equities of this matter. Defendant requests in this "answer" that the court approve his application and render a six-month stay. On October 19, 1992, defendant's application for protection from foreclosure was again granted, this time by Judge Blue.
On October 22, 1993, plaintiff filed a motion to strike defendant's "answer" on the ground that it is not responsive to plaintiff's complaint, in violation of Practice Book 160. In the accompanying memorandum of law, plaintiff states that they seek to strike "the special defense" filed by the defendant. Plaintiff argues that defendant's answer is legally insufficient in that it fails to specifically address the allegations in plaintiff's complaint, as required by Practice Book 160.
The construction of a pleading is a question ultimately for the court. Home Oil Co. v. Todd, 195 Conn. 333, 340,487 A.2d 1095 (1985). When a case requires the court to determine the nature of a pleading filed by a party, the court is not required to accept the label affixed to the pleading by the party. Id; See Sabetta v. Sabetta, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 030719 (February 13, 1991); Consolidated Prot. Coatings v. Varanka, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket CT Page 566 No. 348217 (January 3, 1991); Smart v. Wise, Superior Court, Judicial District of Litchfield, Docket No. 055043 (September 15, 1992).
Practice Book 160 mandates that the defendant "shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith to controvert all the allegations, in which case he may deny them generally." Practice Book 160. Whenever a party wishes to contest the legal sufficiency of any answer to any complaint, that party may do so by filing a motion to strike the contested pleading. (Emphasis added.) Practice Book 152(5). In ruling on a motion to strike, the trial court may consider only these grounds raised in the motion. Blancato v. Feldspar Corp., 203 Conn. 34,44, 552 A.2d 1235 (1987).
The pleading that plaintiff seeks to strike is labeled "answer to the plaintiff FNMA objection to motion dated August 26, 1992". While much of this pleading amounts to a discussion of the equities of defendant's current economic situation, the intent of the pleading is to argue for his application for protection from foreclosure, not to contest the validity of the foreclosure proceeding itself. Furthermore, the title of the pleading, read as a whole, indicates that it is not intended as a response to the complaint, but instead as support for his application for protection from foreclosure, not to contest the validity of the foreclosure proceeding itself. Furthermore, the title of the pleading, read as a whole, indicates that it is not intended as a response to the complaint, but instead as support for his application for protection from foreclosure pursuant to General Statutes 49-31f. Thus, the court does not characterize this pleading as an "answer" within the meaning of Practice Book 152 and 160. Plaintiff's motion to strike the pleading on the ground that it is non-responsive to plaintiff's complaint and thus legally insufficient is denied.
SYLVESTER, J.