[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
Before the court is the plaintiff's motion to strike two identical special defenses, pleaded by each defendant in two separate but related foreclosure actions. The defendants each assert in their first special defense that the actions of the plaintiff corporation in making the original assessment, now the subject of the present foreclosure actions, were an illegal corporate act and unenforceable based on the ultra vires doctrine. The defendants allege in their second special defense that the board of directors of the plaintiff corporation breached a fiduciary duty owed to the defendants.
The plaintiff argues first that in order to properly plead a special defense, a defendant must allege that the plaintiff's allegations are untrue. The plaintiff cites Practice Book § 164 in support of this assertion. However, Practice Book § 164 itself provides that facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action must be specially alleged. The plaintiff's first argument is thus contrary to its own cited authority., and wholly without merit. The defendants have properly pleaded their special defenses in accordance with the Practice Book. See Holtz v. S. Landow Fruit Produce Co., Inc.,125 Conn. 358 (1939).
The plaintiff's second argument is that the defendants' special defenses are not responsive to the foreclosure complaint, asserting that the only defenses available to the defendants must relate to satisfaction of the debt. However, "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." (Citations omitted.) Virginia Corporation v. Galanis, 223 Conn. 436, 448
(1985). The defendants' first special defense appropriately challenges the validity of the assessment involved in the present foreclosure. The second special defense appropriately challenges the actions of the plaintiff corporation, acting through its board of directors, in enforcing the assessment. It is well established that the court can consider equitable circumstances CT Page 5459 in affording relief to a mortgagor. See Olean v. Treglia,190 Conn. 756, 771 (1983). Accordingly, the plaintiff's motion to strike is denied on this ground as well.
As for the plaintiff's assertion that the second special defense names an entity who is not a party to this action, it should be noted that a corporation is presumed to act through its officers, agents and employees, which includes the board of directors. See Goodspeed v. The East Haddam Bank, 22 Conn. 530,540 (1853). Any misconduct of the board of directors acting on behalf of the corporation as its agent is imputed to the corporation itself. Id.; see also Magic II, Inc. v. Dubno,206 Conn. 253, 259 (1988).
JOHN WALSH, J.