[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
On July 17, 1995, the plaintiffs, Donna Samela and John B. Samela, filed a single count complaint against the defendant, Leisa Reed, alleging negligence. The defendant filed an answer, two special defenses and a counterclaim on October 31, 1995. The first special defense alleges contributory negligence as to plaintiff John B. Samela and the second special defense alleges a claim for apportionment as to plaintiff Donna Samela. The counterclaim is a claim for apportionment pursuant to General Statutes § 52-572h, against plaintiff John B. Samela.
The plaintiffs have moved to strike the counterclaim for apportionment on the ground that said counterclaim is legally insufficient as General Statutes § 52-572h does not permit such a claim. As required by Practice Book § 155, the plaintiffs have filed a memorandum in support of their motion to strike, and the defendant has timely filed a memorandum in opposition. The defendant argues that because General Statutes § 52-572h is silent as to whether a counterclaim can be asserted against another party to the action, it does not address the sufficiency of such a claim. The defendant further stated the it "unaware of any court which has disallowed such a counterclaim" and that the purpose of asserting, the counterclaim was to ensure that a jury would consider and apportion the negligence of the plaintiff, John B. Samela.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or anyone or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state CT Page 14310 a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214, 618 A.2d 25 (1992).
In deciding a motion to strike, the court must construe the [counterclaim] in the light most favorable to the plaintiff. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). If the facts provable under the allegations of the [counterclaim] support a defense or cause of action, the motion to strike must fail. S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 231 Conn. 913, 648 A.2d 155 (1993).
General Statutes 52-572h provides in relevant part that: "(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damages to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . ." General Statutes §52-572h. Since General Statutes 52-572h (c) provides that all parties against whom recovery is permitted are only liable for their proportionate share of damages, and because the plaintiff is a party, his percentage of negligence will be considered by the jury. The counterclaim, therefore, as argued by the plaintiffs, is superfluous especially in light of the special defense of contributory negligence.
Furthermore, "[a] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen ValleyAssociates, Inc., 199 Conn. 158, 160, 459 A.2d 525 (1983); Home OilCo. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985) (counterclaim is a cause of action against the plaintiff in favor of the defendant that allows recovery by the defendant). Because a claim for apportionment does not seek affirmative relief, a counterclaim is not the proper procedural mechanism to seek apportionment. "A claim for apportionment of damages does not constitute a `cause of CT Page 14311 action,' and the defendant could not have brought a separate action to secure [a claim of apportionment]." Torres v. Mejias, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396507 (July 20, 1992, Wagner, J., 7 CSCR 1006). See also Miller v. Dickenson, Superior Court, judicial district of New Haven at New Haven, Docket No. 296918 (March 7, 1991, Schmelman, J., 3 Conn. L. Rptr. 308, 309) (counterclaim seeking apportionment stricken as legally insufficient because it failed to seek affirmative relief as required by Practice Book § 116).
The defendant's counterclaim seeks only apportionment of liability and fails to seek affirmative relief. It is legally insufficient, and therefore, the plaintiffs' motion to strike is granted.
PICKETT, J.