[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO CLAIM FOR JURY TRIAL
Before the court is the plaintiff Paula Moen's objection to the defendant's claim for jury trial which she contends was untimely. Because the court agrees that no timely claim to the jury list was made by the defendant, the objection is sustained and the clerk is ordered to retain the case on the court side list.
The plaintiff claimed she was assaulted by the deceased, John H. Baransky, Sr.
John Baransky, Jr. was appointed sole executor of John Baransky, Sr. On April 23, 1996, the defendant notified the plaintiff that her claim against the estate had been rejected.
On July 24, 1996, the defendant filed a motion to strike this action on the ground that the plaintiff has failed to state a claim upon which relief can be granted because application of General statutes § 52-577d would violate the decedent's constitutional rights to procedural due process because the plaintiff waited until the decedent died to bring claims of sexual abuse against him. On October 10, 1996, the court, Skolnick, J., held that General Statutes § 52-577d is not limited in its application to tortfeasors only and denied the defendant's motion to strike.
On December 5, 1996, the defendant filed an answer and four special defenses. On December 11, 1996, the plaintiff filed a reply denying the allegations in the defendant's four special defenses, a motion for a prejudgment remedy and claimed the matter for a hearing in damages to be heard by the court. The defendant filed an objection to the motion for a prejudgment remedy which was sustained by the court, Corradino, J., on CT Page 2962 January 6, 1997.
On January 28, 1997, the defendant filed a motion to consolidate this action with an action pending in the judicial district of Fairfield at Bridgeport pursuant to Practice Book § 84A, but it was not granted. On January 30, 1997, the defendant filed a motion to remove the case from a courtside trial list and claim it to a jury trial list. On February 5, 1997, the plaintiff filed an objection to the defendant's motion to claim the case to a jury trial list.
In support of its motion to remove the case from a courtside trial list and claim it to a jury trial list, the defendant requests that the court consolidates the two pending actions and that this court exercise its discretion and order the clerk to enter the case on the docket as a jury case because the plaintiff will not suffer any prejudice as a result of the late jury claim.
In opposition, the plaintiff counters that she has withdrawn the action filed in the judicial district of Fairfield at Bridgeport and that the pleadings in the present action were closed on December 11, 1996. She notes that the court has ordered the matter to proceed before Mancini, J., on April 1, 1997. The plaintiff objects to any further delay in the case.
General Statutes § 52-215 provides in relevant part "[w]hen, in any . . . cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court. . . ."
General Statutes § 52-215 provides that the time period for filing a jury claim must be accomplished within ten days following the joinder of an issue of fact. "Where responsive pleading is required . . . the issue is joined when the responsive pleading is filed." Home Oil Co. v. Todd,195 Conn. 333, 343, 487 A.2d 1095 (1985). Here all issues of fact were joined on December 11, 1996. The court notes that the defendants' claim for the jury list on January 30, 1997 was beyond the permitted period. The plaintiff apparently prefers a court trial and objects to the late filing to the jury list. Therefore the court denies the defendant's motion to include the case on the jury trial list. CT Page 2963
FLYNN, J.