[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE AMENDED MOTION TO STRIKE THE AMENDEDCOUNTERCLAIM [#116]
The plaintiffs, Joyce and David Calarco, seek damages arising out of a motor vehicle accident alleged to have occurred on November 20, 1993 in New Haven. Joyce Calarco was a passenger in the front seat of the vehicle operated by David Calarco. The principal allegation is that the defendant negligently backed his motor vehicle along the right shoulder of the eastbound lanes of CT Page 3995 Route 34, thereby causing one Wendy A. Larimer, who was proceeding easterly on Route 34, to brake suddenly and without warning, thereby causing the plaintiffs' vehicle to collide with the rear end of the Larimer vehicle. Larimer is not a party to this case.
The defendant has filed, inter alia, an amended counterclaim seeking apportionment of damages against David Calarco under General Statutes § 52-572h(c). Calarco has moved to strike the amended counterclaim on the ground that a claim for apportionment is not a "cause of action" and therefore cannot be sufficiently pleaded as a counterclaim under Practice Book § 116.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. (Citations omitted.) Waters v. Autori,236 Conn. 820, 825-26, 676 A.2d 357 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). A motion to strike properly tests the legal sufficiency of a counterclaim. Practice Book § 152(5). Practice Book § 116 provides, in pertinent part, "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ."
General Statutes § 52-572h, Connecticut's apportionment statute, provides, in pertinent part: "(c) [i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."
Numerous Superior Court decisions have held apportionment CT Page 3996 counterclaims legally insufficient because of their failure to seek affirmative relief. See, e.g., Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 13 15 63 (August 2, 1996, Vertefeuille, J.) ("An apportionment counterclaim does not seek affirmative relief and could not form the basis for a separate action."); see also Samela v. Reed,
Superior Court, judicial district of Litchfield, Docket No. 06 86 41 (December 1, 1995, Pickett, J.) (a counterclaim which fails to seek affirmative relief and seeks only apportionment of damages is legally insufficient); Lodge v. Arett Sales Corp., Superior Court, judicial district of Waterbury, Docket No. 09 81 22 (March 17, 1995, Pellegrino, J.) (a counterclaim fails procedurally when it does not seek affirmative relief); Agolli v. Hall, Superior Court, judicial district of Waterbury, Docket No. 11 64 63 (July 13, 1994, Pellegrino, J.) (a counterclaim which seeks apportionment of liability and not affirmative relief is legally insufficient); Walker v. Broadcannon Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28 20 67 (July 16, 1993, Leheney, J.)
These decisions, the reasoning of which is persuasive, are predicated on Wallingford v. Glen Valley Associates. Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983), where the Supreme Court stated that "Under [Practice Book § 116] a counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." See Home Oil Co. v. Todd, 195 Conn. 333, 341,487 A.2d 1095 (1985) (a counterclaim is a cause of action against the plaintiff in favor of the defendant that allows recovery by the defendant). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 546-547, 590 A.2d 914 (1991).
Spector argues that the amended counterclaim was brought pursuant to Public Act 95-111 and was necessary to make David Calarco a defendant so that his share of damages may be considered at trial. Public Act 95-111, now codified as General Statutes § 52-102b,[1] provides the exclusive means by which a defendant may add as a party to the action a person who may be liable, pursuant to § 52-572h, for a proportionate share of the plaintiff's damages. In the present case, David Calarco already is a party to the action, and the statute is therefore CT Page 3997 not applicable.
The amended counterclaim in the present action seeks apportionment only and does not seek any affirmative relief. Accordingly, the motion to strike Spector's amended counterclaim is granted.
Jonathan E. Silbert, Judge