[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff National Distributor Systems, Inc. (NDS) and the defendant Distribution Management Systems, Inc. (DMS) are competitors engaged in the creation and distribution of computer software and support services for the food service industry. The plaintiff John Hillgen is president of NDS. Until January 24, 1997, the defendant Robert Steinis was a shareholder, director and officer of NDS.
During his tenure as an officer and employee of NDS, Steinis obtained detailed information concerning its business, including its customer lists, contract vendors, sales prospects, computer software products and computer hardware products. Upon his departure from NDS, Steinis entered into an agreement with the plaintiffs in which he covenanted not to compete with NDS for six months, to keep confidential any trade secrets of NDS, such as customer lists, for fifteen years, and to return any NDS materials in his possession. At that time, Steinis entered in an "employment and/or consulting relationship" with NDS.
The plaintiffs claim that after June of 1997, Steinis went to work for DMS and began utilizing NDS' proprietary information and CT Page 7994 trade secrets in competing with NDS, including its customer lists, pricing information and cost information. Moreover, the plaintiffs claim that Steinis and DMS are using this information to contact NDS customers and suppliers in an effort to divert business away from and to destroy or damage NDS.
The first count of the plaintiffs' complaint alleges (1) misappropriation of trade secrets; (2) breach of fiduciary duty; (3) breach of contract; and (4) a violation of the Connecticut Unfair Trade Secrets Act, General Statutes § 42-110a et seq.
The fifth count incorporates the foregoing allegations and adds the following: After January 24, 1997, Steinis and DMS "represented in writing to prospective and/or actual customers of both DMS and NDS that a principal of DMS wrote NDS' primary software product." The plaintiffs claim that these statements were false and malicious and "[a]s [a] result thereof, NDS has been damaged." The plaintiffs have placed the sub-heading "Trade Libel against Steinis and DMS" above the fifth count.
Steinis moves to strike the fifth count because it does not sufficiently allege that the trade libel resulted in special damages. "The purpose of a motion to strike is to contest. the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997)." Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Doe v.Hartford Roman Catholic Diocesan Corp. , 45 Conn. Sup. 388, 390,716 A.2d 961 (1998)
"`Special damage' has a technical meaning when used in respect to pleading." Platt v. Town of Milford, 66 Conn. 320, 331
(1895). "Special damages is that which the law does not necessarily imply that the plaintiff has sustained from the act complained of." Tomlinson v. Town of Derby, 43 Conn. 562, 567
(1876). Special damages are distinguished from general damages. "General damages, which are such as the law presumes from the wrong complained of, need not be specially pleaded, because the law presumes them. "Ives v. Carter, 24 Conn. 392, 404 (1856); seeGrimes v. Housing Authority, 242 Conn. 236, 250, 698 A.2d 302
(1997) CT Page 7995
The entire allegation of damage in the fifth count states: "As a result thereof, NDS has been damaged." This is not an allegation of special damage. The issue is whether an allegation of special damages is a necessary element of the cause of action alleged in the fifth count.
 I
Trade libel, which has not been recognized as a distinct tort by Connecticut appellate courts, is defined in the Restatement (Second), Torts § 626 as "the publication of matter disparaging of the quality of another's land, chattels or intangible things that the publisher should recognize as likely to result in pecuniary loss to the other through the conduct of a third person in respect to the other's interests in the property." As defined in the Restatement, "a statement is disparaging if it is understood to cast doubt upon the quality of another's land, chattels or intangible things, or upon the existence or extent of his property in them, and (a) the publisher intends the statement to cast the doubt, or (b) the recipient's understanding of it as casting the doubt was reasonable." Restatement (Second), Torts § 629.[1] The fifth count of the plaintiffs' complaint alleges none of the elements of trade libel, as the tort is defined in the Restatement.
 II
The plaintiffs respond that even if the fifth count cannot stand as a cause of action for trade libel, the court may disregard the label they have placed on the count and find that it nonetheless alleges a good cause of action for malicious defamation as pleaded. Although there are times when a court may rely on a party's characterization of his pleading; Lemoine v.McCann, 40 Conn. App. 460, 464-65 (1996), cert. denied,237 Conn. 904, 674 A.2d 1330 (1996); the plaintiffs are correct that the court may look beyond their pleading's label of "Trade Libel."Home Oil Co. v. Todd, 195 Conn. 333, 342, 487 A.2d 1095 (1985)
Defamation consists of the twin torts of libel and slander. A corporation may sue for libel. See Charles Parker Co. v. SilverCity Crystal Co., 142 Conn. 605, 612-13, 116 A.2d 440 (1955);Monroe v. Crandall, 3 Conn. App. 214, 220-21, 486 A.2d 657
(1985). "Libel is defamation of a character usually consisting of CT Page 7996 the printed word." Miles v. Perry, 11 Conn. App. 584, 601 n.ll,529 A.2d 199 (1987). Unless an action for libel pleads libel "per se," the plaintiff is required to plead actual or special damages. Battista v. United Illuminating Co., 10 Conn. App. 486,491-92, 523 A.2d 1356, cert. denied, 204 Conn. 803, 528 A.2d 1151
(1987) "Libel is actionable per se if it charges improper conduct or lack of skill or integrity in one s profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." Charles Parker Co. v. Silver CityCrystal Co., supra, 142 Conn. 612. "Whether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative, and they may not for this purpose be varied or enlarged by innuendo." Proto v. Bridgeport HeraldCorporation, 136 Conn. 557, 565, 72 A.2d 820 (1950). "When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court."Charles Parker Co. v. Silver City Crystal Co., supra,142 Conn. 612. "Likewise, if the alleged defamatory words could not reasonably be considered defamatory in any sense, the matter becomes an issue of law for the court." Charles Parker Co. v.Silver City Crystal Co., supra, 142 Conn. 62.2.
The libel alleged in the fifth count is that the defendants falsely represented in writing that a principal of DMS wrote a primary software product. Although NDS is in the business of creating software products, and although the allegedly defamatory statement may tend to enhance the reputation of DMS, there is no allegation in the complaint (nor, for that matter, a suggestion in the plaintiffs' memorandum in opposition to the motion to strike) that an employee or officer of NDS wrote its primary software product. In the absence of such an allegation or reasonable inference, the court cannot find that the allegedly false representation in the fifth count is actionable either as malicious defamation or libel "per se." Therefore, without an allegation of special damages, the fifth count does not allege a good cause of action for either defamation or libel per se.
 III
Finally, the plaintiffs claim that the fifth count states a viable cause of action for injurious falsehood, which does not require an allegation of special damages. The court disagrees. CT Page 7997
Like trade libel, "injurious falsehood" has not been treated as a distinct tort by Connecticut appellate courts. Indeed, as of the filing of the defendant's motion to strike, the tort of "injurious falsehood" has received little treatment in the opinions of Connecticut trial judges. The Restatement sets forth the elements of the tort of injurious falsehood as follows: "One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity."
"From the beginning, more stringent requirements were imposed upon the plaintiff seeking to recover for injurious falsehood [than for defamation] in three important respects — falsity of the statement, fault of the defendant and proof of damage. At common law a defamatory statement was presumed to be false and truth was a matter to be proved by the defendant; in an action for injurious falsehood, the plaintiff must plead and prove that the statement is false. At common law, a defendant in a defamation action was held to strict liability insofar as falsity of the statement was concerned; in an action for injurious falsehood he was subject to liability only if he knew of the falsity or acted with reckless disregard concerning it, or if he acted with ill will or intended to interfere in the economic interest of the plaintiff in an unprivileged fashion. In defamation, it was only in limited number of situations that a plaintiff was required to prove special damages; in injuriousfalsehood, pecuniary loss to the plaintiff must always beproved." (Emphasis added.) Restatement (Second) Torts, Disparagement of Quality — Trade Libel § 623A, comment (g), p. 341. A cause of action for injurious falsehood is legally insufficient if it does not include an allegation of special damages.
The motion to strike is granted.
BY THE COURT
Bruce L. LevineJudge of the Superior Court