[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the defendants claim for a jury trial in an environmental enforcement action because the action is equitable in nature and, therefore, the defendants have no right to a jury trial.
The plaintiff, commissioner of environmental protection, filed this action on April 6, 1999, against the defendants, Sound Manufacturing, Inc., Brian Cote, Daniel Malchman and Charles Lavalle.[1] The original eight-count complaint alleged that all of the defendants disposed of hazardous waste without a permit in violation of General Statutes §22a-454 (a) (counts one, three, five and seven). Specifically, it is alleged that between April and June of 1997, the defendants removed the floor boards on the first floor of a building located at 539 Norwich Avenue in Norwich, Connecticut, disposed of sand blasting waste and covered it with concrete. Further, in the original complaint the plaintiff sought costs incurred in detecting, investigating, controlling or abating these alleged violations pursuant to General Statutes §22a-6a (counts two, four, six and eight).
On January 27, 2000, Sound Manufacturing, Inc., and Brian Cote filed an answer and special defenses. On that same day they also filed their claim for a jury trial. On February 8, 2000, the plaintiff filed a motion to strike Sound Manufacturing, Inc.'s and Cote's special defenses, which was granted by this court on April 9, 2002. On February 8, 2000, the plaintiff filed a motion to strike Sound Manufacturing, Inc.'s and Cote's claim for a jury trial on the ground that the plaintiff's cause of action is based on environmental statutes which were not in effect prior to 1880, and the action does not involve issues which were triable to a jury prior to 1818. The plaintiff also filed a memorandum of law in support of this motion. Subsequently, on February 17, 2000, Sound Manufacturing, Inc., and Brian Cote filed a memorandum in opposition to the plaintiff's CT Page 6657 motion.
Shortly before oral argument was heard on this motion, the plaintiff filed an amended complaint dated February 26, 2002. In the amended complaint, the plaintiff removed the counts (two, four, six and eight) seeking recovery of costs incurred in detecting, investigating, controlling or abating the alleged violations. The plaintiff substituted his request for costs with allegations of violations of Sections22a-449(c)-110 and 22a-449(c)-102 (a) of the Regulations of Connecticut State Agencies. (Amended Complaint, counts two and four).
"Historically, a motion to strike, pursuant to Practice Book (1978 Rev.) § 282, had been the proper vehicle to strike a jury claim. . . . Since the repeal of § 282 in 1996, a party wishing to challenge an improper claim for a jury should file an objection to the claim under Practice Book § 14-10, formerly § 260 or the court can treat a motion to strike as an objection to the jury claim. . . . Therefore, the court will treat the plaintiff's motion to strike as the proper vehicle to object to the defendant's jury claim." (Citations omitted; internal quotation marks omitted.) McNeil v. Silverman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 178460 (November 16, 2000, Hickey, J.) (29 Conn.L.Rptr. 91, 92).
The plaintiff makes an argument in his memorandum of law, which is not included as a ground on the face of the motion, that the defendants did not file their request for a jury trial within thirty days after the return date pursuant to General Statutes § 52-215 (Plaintiff's Memorandum, p. 2 n. 1.)[2] Sound Manufacturing, Inc., and Cote contend that they properly joined issues of fact in their answer and special defenses dated January 27, 2000, and filed their claim on the same day. Thus, they argue that they have filed a timely request for a jury trial pursuant to § 52-215.
General Statutes § 52-215 provides in relevant part that jury cases may be put on the jury docket upon written request of either party "made to the clerk within thirty days after the return day," or, when the issue of fact has been joined, "the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party. . . ." See Home Oil Co. v. Todd, 195 Conn. 333,339, 487 A.2d 1095 (1985). "Where [a] responsive pleading is required . . . the issue is joined when the responsive pleading is filed." (Internal quotation marks omitted.) Home Oil Co. v. Todd, supra, 195 Conn. 343; see also Bank of America v. Greca, Superior Court, judicial district of Hartford at Hartford, Docket No. 581664 (December 11, 2000, Stengel,J.). CT Page 6658
To ascertain whether the defendants' claim for a jury trial was timely, the court must determine when the ten day period began to run, specifically, when an issue of fact was joined. This requires the court to examine the pleadings and the dates on which they were filed.
The plaintiff filed its original complaint on April 6, 1999. The defendants filed an answer and special defenses to the plaintiff's complaint and a claim to the jury list on January 27, 2000. On February 8, 2000, the plaintiff filed a motion to strike the defendants' special defenses, which was granted by this court on April 9, 2002. The plaintiff also filed a motion to strike the defendants' claim to the jury list on February 8, 2002. Thereafter, on February 26, 2002, the plaintiff filed an amended complaint. On March 19, 2002, the plaintiff filed a response to the defendants' special defenses to the original complaint. On April 10, 2002, the plaintiff withdrew his response to the defendants' special defense in light of the court's ruling on the plaintiff's motion to strike the defendants' special defenses.
The defendants filed their jury trial claim on February 8, 2002, a point in time when no viable ten day period under § 52-215 was running. As of the date of this motion, no operative responsive pleading has been filed and, therefore, no issues of fact have been joined. The Supreme Court has recognized that "a premature jury trial request remain[s] in the files until an issue [of fact is] joined. . . . The request . . . was a continuing authority to the clerk to place the cause on the jury docket upon the joining of issue." (Internal quotation marks omitted.) Home Oil Co. v. Todd, supra, 195 Conn. 343. Accordingly, the defendants' claim for a jury was filed in a timely manner, and, therefore, the plaintiff's claim of timeliness is without merit.
The plaintiff moves to strike the defendants' claim for a jury on the grounds that this cause of action is based on environmental statutes which were not in effect prior to 1880 and the action does not involve issues which were triable to a jury prior to 1818. In opposition, the defendants argue that this is a cause of action which includes an action in debt. Specifically, the defendants assert that the plaintiff's request for costs incurred in detecting, investigating and controlling or abating the defendants' alleged violations makes this claim a cause of action in debt. Further, the defendants contend that actions in debt were heard by juries prior to 1818 and, therefore, the defendants are entitled to a jury trial.
"Article first, § 19, of the Connecticut constitution guarantees a jury trial in all cases for which there was a right to a trial by jury at the time of the adoption of [that] provision, which was 1818. . . . Article first, § 19, also provides the right to a jury trial in cases CT Page 6659 that are substantially similar to cases for which the right to a jury trial existed at common law in 1818. . . . Accordingly, in determining whether a party has a right to a trial by jury under the state constitution . . . the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the cause of action has roots in the common law, and if so, whether the remedy involved was one in law or equity." (Citations omitted; internal quotation marks omitted.) Commissioner ofEnvironmental Protection v. Connecticut Building Wrecking Co.,227 Conn. 175, 182, 629 A.2d 1116 (1993).
In cases involving both legal and equitable claims, "whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the rights claimed. . . ." (Citations omitted; internal quotation marks omitted.) Northeast Savings, F.A. v.Plymouth Commons Realty Corp., 229 Conn. 634, 641, 642 A.2d 1194 (1994).
The Connecticut Supreme Court has held that "an environmental enforcement action for injunctive relief and civil penalties . . . is not substantially similar to an action in debt. . . . A common law action in debt lies where there [is] due a sum certain or capable of reduction to certainty. . . . A principal characteristic of an action in debt, therefore, is that the sum to be recovered is certain and liquidated: Debt is an action founded on contract, express or implied, in which the certainty of the sum, or duty appears, and in which the plaintiff is to recover the sum in numero, and not in damages." (Citations omitted; internal quotation marks omitted.) Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., supra, 227 Conn. 184.
This case is analogous to Commissioner of Environmental Protection v.Connecticut Building Wrecking Company, supra, 227 Conn. 175. The essential right being asserted is equitable in nature and although the plaintiff is seeking damages, "the whole action is one in equity and there is no right to a jury trial." (Internal quotation marks omitted.) Id., 183. In this case, the complaint does not specify the amount of costs and, therefore, it is uncertain. Further, the amount sought is not tied to a contractual obligation or a debt. Id., 184. Accordingly, this action cannot be considered substantially similar to an action in debt, for which a state constitutional right to a jury trial would exist. The CT Page 6660 plaintiff's motion to strike the jury claim is granted.
Hennessey, J.