[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 121
The plaintiffs, Ricardo Algea and Sirenio Almodovar, allege that they sustained personal injuries as a result of a motor vehicle accident caused by the defendant, Marjorie Barnett. The defendant has filed a counterclaim seeking apportionment of damages against Algea. In the counterclaim, the defendant claims that Algea was operating the vehicle in which Algea and Almodovar were traveling at the time of the accident. The defendant further claims that any damages suffered by Almodovar should be apportioned between the defendant and Algea because of Algea's contributory negligence.
The plaintiffs now move to strike the defendant's apportionment counterclaim on the ground that it does not seek affirmative relief and is therefore legally insufficient. The defendant responds that her counterclaim is necessary to ensure that any damages attributable to Algea's negligence are properly CT Page 7759 apportioned should Algea withdraw from the present action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. (Citations omitted.) Waters v. Autori,236 Conn. 820, 825-26, 676 A.2d 357 (1996). A motion to strike properly tests the legal sufficiency of a counterclaim. Practice Book § 152(5). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
General Statutes § 52-572h provides, in pertinent part, "(c) [i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."
"Under [Practice Book § 116] a counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v.Glen Valley Associates, Inc., 190 Conn. 158, 160, 459 A.2d 525
(1983); see Home Oil Co. v. Todd, 195 Conn. 333, 341,487 A.2d 1095 (1985) (a counterclaim is a cause of action against the plaintiff in favor of the defendant that allows recovery by the defendant). "A cause of action is that single group of facts; which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . ." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 546-547, 590 A.2d 914 (1991). "An apportionment counterclaim does not seek affirmative relief and could not form the basis for a separate action." Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 13 15 63 (August 2, 1996, Vertefeuille, J.); see also Samela v. Reed, CT Page 7760 Superior Court, judicial district of Litchfield, Docket No. 06 86 41 (December 1, 1995, Pickett, J.) (a counterclaim which fails to seek affirmative relief and seeks only apportionment of damages is legally insufficient); Lodge v. Arett Sales Corp. , Superior Court, judicial district of Waterbury, Docket No. 09 81 22 (March 17, 1995, Pellegrino, J.) (a counterclaim fails procedurally when it does not seek affirmative relief); Agolli v. Hall, Superior Court, judicial district of Waterbury, Docket No. 11 64 63 (July 13, 1994, Pellegrino, J.) (a counterclaim which seeks apportionment of liability and not affirmative relief is legally insufficient). In the present case, the apportionment counterclaim fails to seek affirmative relief. Accordingly, the defendant's counterclaim is legally insufficient.
The defendant argues that Public Act 95-111 indicates that an apportionment counterclaim should be allowed; however, Public Act 95-111, now codified at General Statutes § 52-102b, provides the exclusive means by which a defendant may "serve a writ, summons and complaint upon a person not a party to the action who is or may be liable [pursuant to § 52-572h] for a proportionate share of the plaintiff's damages . . . ." (Emphasis added.) General Statutes § 52-102b.[1] "The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent. . . . The court finds the language of the statute plain and unambiguous. The express language of [§52-102b] dictates that the procedure set out in the act is to be the exclusive means to cite in a party for apportionment purposes." (Citations omitted; internal quotation marks omitted.)Stroud v. Pfeffer, Superior Court, judicial district of Fairfield, Docket No. 32 48 04 (April 1, 1996, Ballen, J.). In the present case, Algea is a party to the action, and therefore, § 52-102b is inapplicable to the issue presently before the court. See Somers v. Heise, supra (Section 52-102b "is limited to those situations where apportionment is sought against a person who is not a party to the action."). The defendant, however, is not left without a remedy. "Since General Statutes52-572h(c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [Algea] is a party, his percentage of negligence will be considered by the jury." Samella v. Reed,supra. Moreover, a defendant need only plead a special defense of contributory negligence to ensure that the issue of a CT Page 7761 plaintiff's contributory negligence is before the jury. Id.
The counterclaim in the present action seeks apportionment only, and does not seek any affirmative relief. Accordingly, the plaintiff's motion to strike the counterclaim of the defendant is granted.
DAVID W. SKOLNICK, JUDGE