[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#105)
This action arises out of a motor vehicle accident which occurred on June 6, 1997, in which the plaintiff, James Delaney, was the driver of the vehicle, and the co-plaintiff, Frances Delaney was his passenger. The plaintiffs allege that the accident occurred due to the negligence of the defendant, Benjamin Keemon. On September 17, 1998, the plaintiffs filed a four count complaint seeking damages for injuries sustained from said accident.
The defendants filed an apportionment complaint on January 21, 1999, seeking to apportion its liability with regard to the claims made by the plaintiff, Frances Delaney. The defendants allege that the injuries sustained by Frances Delaney were a result of the negligence of James Delaney.
The plaintiffs moved to strike the apportionment complaint by way of a motion dated February 1, 1999. The plaintiffs also filed a memorandum of law in support.
On February 3, 1999, the defendants filed an objection to the motion accompanied by a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [a] complaint . . . to state a claim upon which relief can be granted. [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc v. Sea Shell Associates, 244 Conn. 269, CT Page 4183 270-71, 709 A.2d 558 (1998).
The defendants argue that the apportionment statute prohibits an apportionment suit when the proposed apportionment defendant is already a "party to the action."
In opposition, the plaintiffs argue that the apportionment complaint is required in order to apportion liability pursuant to the spirit and intent of General Statutes § 52-572 (h).[1]
Namely, the plaintiffs claim that were it not for the apportionment complaint, there would be no way for a jury to have the opportunity to factor into its determination the relative negligence of James Delaney as to Frances Delaney.
The issue is one of statutory construction. Public Act 95-111, now codified at General Statutes § 52-102b, is the exclusive means by which a defendant may "serve a writ, summons and complaint upon a person not a party to the action who is or may be liable [pursuant to 52-572h] for a proportionate share of the plaintiff's damages. (Emphasis added.) General Statutes § 52-102b.
The purpose of statutory construction is to give effect to the intended purpose of the legislature . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted.) Statev. DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348 (1995).
General Statutes 52-102b expressly provides that an apportionment suit is not available against an individual who is a "party" to the action.
"Ordinarily, the word `party' has a technical legal meaning, referring "to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons."Lieberman v. Reliable Refuse Co., 212 Conn. 661, 669,563 A.2d 1013 (1989).
In the present case, James Delaney is a plaintiff in this action. Therefore, from the express language of the statute, it is clear that General Statutes § 52-102b does not apply. See Somersv. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996, Vertefeuille, J.) (Section 52-102b
"is limited to those situations where apportionment is sought CT Page 4184 against a person who is not a party to the action."). See alsoHaims v. Omni Fitness Equipment Specialists, Superior Court, judicial district of Danbury, Docket No. 308418 (February 18, 1993, Fuller, I.).
This conclusion is only buttressed by a review of the legislative history of General Statutes § 52-102b. "Seeking a clarification on whether the term `party' as used in the statute refers to someone who is a party to the lawsuit, Representative Radcliffe asked: `My understanding is that the bill uses the word `parties' and the word "party' is used for purposes of apportionment. Is it the proponent's understanding that "party' means party to the lawsuit. . . .' 38 H.R. Proc., pt. 9, 1995 Sess., p. 3272. Representative Lawlor, one of the proponents of the bill replied: "Yes. In fact, it would mean anyone who is actually a party to the lawsuit.' [Emphasis added.] Id." MarconiConstruction Co. v. D'Addeo's, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 551848 (January 28, 1998, Wagner, J.T.R.).
The plaintiff argues, however, that where liability between co-plaintiffs is involved, an apportionment suit against a party plaintiff is proper because the complaint is in actuality two distinct actions. The plaintiff cites no authority for the proposition. Moreover, courts with factual scenarios substantially similar to the case at hand have failed to find such a distinction. See Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn. L. Rptr. 100).
In Algea v. Barnett, the plaintiffs were involved in a motor vehicle accident with the defendant. The plaintiff, R. Algea, was the driver of the vehicle and co-plaintiff, S. Almodovar, was his passenger. The defendant claimed that any damages claimed by the passenger, Almodovar, should be apportioned between the defendant and Algea because Algea was contributorily negligent. The court held that Algea, as the plaintiff, was a party to the action, and therefore, General Statutes § 52-102b was inapplicable. Algea v.Barnett, supra, 20 Conn L. Rptr. 100.
The court notes however, that the defendant is not left without a remedy. "Since General Statutes 52-572h(c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [James Delaney] is a party, his percentage of negligence will be CT Page 4185 considered by the jury." Algea v. Barnett, supra, 20 Conn L. Rptr. 100; Samela v. Reed, Superior Court, judicial district of Litchfield, Docket No. 068641 (December 1, 1995, Pickett, J.). See also Bhinder v. Sun Company, Inc., 246 Conn. 223, 231, 717 A.2d 202 (1998) ("The language of 52-572h is unambiguous; it provides that comparative negligence principles apply: In causes of action based on negligence.").[2]
Moreover, the court notes that it is already obliged to consider the contributory negligence of James Delaney in relation to the loss of consortium claim brought by Frances Delaney.
A loss of consortium claim on behalf of the spouse whose marital partner has been injured is a claim "that is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." (Citations omitted; internal quotation marks omitted.) Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 563-64, 562 A.2d 1100 (1989). Consequently, a loss of consortium claim "is reduced proportionately by the percentage of comparative responsibility attributable to the injured spouse." Id., 564.
The motion to strike is hereby granted
Mihalakos, J.