[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Johanna Gerarde, brings this action for damages as a result of a slip and fall she sustained while exiting the Old Lyme Pizza Palace. The plaintiff alleges that she was caused to trip over a concrete curbstone adjacent to the front entrance of said restaurant.
On April 30, 1998, the plaintiff filed a three count complaint against the defendants, Theodore Anastasiou, Old Lyme Pizza Palace, Inc. and Albert M. Bond, Jr., d/b/a A. Bond Excavating ("Bond").
On September 4, 1998, Anastasiou filed a cross-claim for apportionment alleging negligence on the part of the cross-claim defendant, Gary D. Smith ("Smith"). Anastasiou alleges that Smith CT Page 6768 was responsible for designing the layout and configuration of the concrete curbstone at issue.
On September 23, 1998, Smith moved to strike the cross-claim for apportionment on the grounds that it was procedurally improper. Specifically, Smith alleges that he is already a party to this action as the result of an apportionment complaint filed by the defendant Bond. Smith accompanied his motion with a supporting memorandum of law.
On November 13, 1998, Anastasiou filed an objection to the motion to strike and a memorandum of law in support.[1]
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corporation, 240 Conn. 576, 580,693 A.2d 293 (1997).
Smith argues that under General Statutes § 52-102b and Connecticut caselaw, an apportionment complaint may be filed only against a person not already a party to the action. Moreover, Smith argues that the cross-claim for apportionment is legally insufficient because it fails to seek affirmative relief.
In opposition, Anastasiou argues that General Statutes §52-102b is the only procedural mechanism through which other responsible parties may be held liable for a proportionate share of the plaintiff's damages and, therefore, the cross claim for apportionment is necessary to ensure that Smith's liability will be properly considered by the court.
Public Act 95-111, now codified at General Statutes §52-102b, is the exclusive means by which a defendant may "serve a writ, summons and complaint upon a person not a party to the action who is or may be liable [pursuant to General Statutes §52-572h] for a proportionate share of the plaintiff's CT Page 6769 damages. . . . "(Emphasis added.) General Statutes § 52-102b. "Ordinarily, the word party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons." (Internal quotation marks omitted.) Lieberman v. Reliable RefuseCo., 212 Conn. 661, 669, 563 A.2d 1013 (1989).
In the present case, Smith is an apportionment defendant in this action by virtue of an apportionment complaint filed by the defendant Bond. The apportionment statute provides that "[t]he person upon whom the apportionment complaint is served . . . called the apportionment defendant, shall be a party for allpurposes, including all purposes under Section 52-572h." (Emphasis added.) General Statutes § 52-102b(a). Moreover, from the express language of the apportionment statute, it is clear that an apportionment defendant's status is in all respects identical to that of an original defendant.
Since Smith is currently a party to this action "for all purposes," it does not appear that the cross claim for apportionment is permissible under the apportionment statute and Practice Book § 10-11. Consequently, this Court finds that the express language of 52-102b precludes a cross claim for apportionment against someone who is already a party to the action.[2]
This conclusion is only buttressed by a review of the legislative history of General Statutes § 52-102b. "Seeking a clarification on whether the term `party' as used in the statute refers to someone who is a party to the lawsuit, Representative Lawlor, one of the proponents of the bill replied: `Yes. In fact, it would mean anyone who is actually a party to the lawsuit.' [Emphasis added.] Id." Marconi Construction Co. v. D'Addeo's, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531848 (January 28, 1998, Wagner, J.T.R.).
The court notes, however, that the defendant is not left without a remedy. "Since General Statutes 52-572h(c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [Smith] is a party, his percentage of negligence will be considered by the jury." Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn. L. Rptr. 100). See also Treimann v.CT Page 6770Duncan, Superior Court, Judicial district of Hartford-New Britain at Hartford, Docket No. 573401 (July 21, 1998, Mulcahy, J.) (General Statutes 52-572h allows [a] defendant to allege the negligence of other parties to the action either original or impleaded parties for the purpose of apportioning liability in negligence actions.").
Smith also argues that the cross-claim for apportionment is legally insufficient because it fails to seek affirmative relief. The court's holding as to the "party to the action" language contained within General Statutes § 52-102b is dispositive of this motion and, therefore, the court need not address this issue. Accordingly, the motion to strike is granted.
Mihalakos, J.