[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action arises out of a motor vehicle accident involving the plaintiffs, Ruben Rodriguez and Migdalia Planas, and the defendant, Edward Masayda. Masayda's counterclaim seeks apportionment of liability solely as to Rodriguez, and the plaintiffs move to strike Masayda's counterclaim, arguing that Rodriguez is already a party, and it is unnecessary to add him as a counterclaim defendant.
Masayda brings his counterclaim pursuant to General Statutes § 52-102b. This statute provides, in relevant part, that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party tothe action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek apportionment of liability." General Statutes § 52-102b(a). (Emphasis added.) Calarco v. Spector, Superior Court, judicial district of New Haven at New Haven, Docket No. 332004 (April 3, 1997, Silbert, J.), an analogous case, was a motor vehicle case in which the defendant filed a counterclaim against the plaintiff for apportionment of damages, and the plaintiff moved to strike the counterclaim. The court emphasized that § 52-102b was "the exclusive means by which a defendant mayadd as a party to the action a person who may be liable, pursuant to § 52-572h, for a proportionate share of the plaintiff's damages." (Emphasis in original.) Id. The Calaraco court concluded that the individual against whom the defendant claimed CT Page 13529 apportionment was already a party to the action, and the statute was, therefore, inapplicable.
A counterclaim is "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat, or otherwise affect a plaintiff's claim and allows a recovery by the defendant." Home Oil Co. v. Todd, 195 Conn. 333,341, 487 A.2d 1095 (1935). Masayda is not seeking affirmative relief from Rodriguez, rather Masayda seeks to assure Rodriguez will be held responsible for a proportionate share of the negligence, and therefore damages, resulting from this accident. "Since General Statutes [§] 52-572h(c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [plaintiff] is a party, his percentage of negligence will be considered by the jury." Algea v.Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn. L. Rptr. 100, 101).
Masayda's counterclaim fails to seek affirmative relief and is legally insufficient. See, e.g., Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996,Vertefeuille, J.) ("An apportionment counterclaim does not seek affirmative relief and could not form the basis for a separate action."). Accordingly, the plaintiffs' motion to strike is granted.
BY THE COURT
GILL, J.