AMERICAN MOTORISTS INSURANCE COMPANY *v.*
LILLIAN M. WEIR ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 6, 1945—decided January 29, 1946.

*De Lancey Pelgrift,* for the appellant (defendant Diamond Ginger Ale Company).

*Joseph G. Shapiro,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action seeking to have the court determine by a declaratory judgment whether it was bound by a policy of automobile liability insurance issued by it to the defendant Lillian M. Weir. Claim had been made under the policy in consequence of an accident in which the automobile alleged to be covered by it was involved while being driven by her son, the defendant Harold A. Weir, at a time when he was acting as the agent of the defendant Diamond Ginger Ale Company, Inc., here-

inafter called the company. The court rendered judgment holding that the policy was a valid and legally binding obligation of the plaintiff and that it protected the defendants Weir from liability for this accident. The defendant company paid the judgment obtained in a damage suit against it and Harold A. Weir. It only has appealed from the judgment in the instant case, solely upon the ground that its right to reimbursement by the plaintiff was not determined.

These material facts are not in dispute: The plaintiff issued to the defendant Lillian M. Weir a liability policy insuring an automobile registered in her name but in reality owned by her son, the defendant Harold A. Weir. He was employed by the defendant company as an outside salesman and as a result of his negligence in the operation of the car in the course of his employment, Arthur L. Griswold was injured. Griswold brought suit and recovered a judgment against Harold A. Weir and the company which on July 20, 1944, was affirmed by this court upon appeal. *Griswold* v. *Connecticut Co.*, 131 Conn. 248, 38 Atl. (2d) 676. On May 19, 1944, the present plaintiff brought the instant action seeking the relief above recited because of a question incident to a claimed untrue declaration of ownership. On August 25, 1944, the company paid $6991.48 to Griswold, in response to execution issued upon the final judgment in the action he brought, for which it was later reimbursed by its insurer, the Maryland Casualty Company.

Subsequently, on September 15, 1944, the company filed its "Amendment to Answer." In addition to allegations bearing upon the claimed false declaration of ownership, this recited the foregoing facts giving rise to its obligation to Griswold and the payment made by it. The pleading also quoted the pertinent provisions of the policy issued by the plaintiff, which under

the circumstances were effective to constitute the company an "insured" within its terms. All the allegations except one, which related to the declaration of ownership, were admitted by the plaintiff. The pleading concluded with two further paragraphs asking a determination of the plaintiff's liability to the company under the policy and a judgment for damages. The court's judgment, after reciting the plaintiff's claims for relief on the complaint and those of the company in its amended answer, and that the parties were at issue to the court as on file, found and adjudged that the policy was valid and protected the defendants Weir from liability, but made no further reference to or adjudication of the company's claims for relief. The company filed a motion to reopen the judgment, asking that the court consider the "Amendment to Answer" as a cross-complaint and grant it the relief asked. This motion was denied. Whether the court erred in failing and refusing to determine the plaintiff's liability to the company under the policy and to award to it the damages, if any, to which it was entitled is the sole question upon this appeal.

The record shows that the court suggested two reasons for rendering judgment as it did. The first, as is clear from one of its conclusions read in the light of its memorandum of decision, was because the company was seeking affirmative relief "by answer" instead of "by cross-complaint." The pleading in question specifically asked for affirmative relief in the two respects already recited, predicated upon the facts alleged in it. To hold, as the court impliedly did, that the mere fact that the pleading was entitled "Amendment to Answer" precluded the relief asked was to sacrifice substance to technical form, contrary to the spirit of our Rules of Practice. Section 251 (e) of the Practice Book, providing that a defendant "may seek

a declaratory judgment by a cross-complaint," cited by the court in this connection, fails to reach the underlying question as to what constitutes a cross-complaint. By its "Amendment to Answer" the company properly pleaded the material facts affecting the status of the parties which had transpired subsequent to the filing of its original answer on June 8, 1944, and which afforded the basis of its claim against the plaintiff, and asked for relief by way of judgment in its favor. Its cause of action and the nature of the relief sought were stated in clear and unambiguous language. While preferably it should have included the words "Cross-Complaint" in the title of its pleading, failure to do so afforded no sufficient reason for the court's refusal to determine the issue presented by it. It may be added that the plaintiff by making the company a party defendant to its petition for a declaratory judgment raised the issue of its liability to that defendant.

Another conclusion reached by the trial court shows that its second reason was because "The Maryland Casualty Company is the real party in interest and its rights cannot be determined in view of its absence as a party to this suit." Error is assigned in this conclusion. In its reply to the amendment of the company's answer, the plaintiff alleged that under its policy it was not liable to the company "for a greater portion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against said loss," and that the company had adequate other insurance with the Maryland Casualty Company, by which it had been reimbursed, "under its policy," for its payment of the Griswold judgment. The court has found that the company had been reimbursed by the Casualty Company, which had issued

to it a policy containing the following condition as to liability: ". . . provided, however, the insurance under this policy with respect to loss arising out of the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to such automobile or otherwise."

Upon these agreed facts the existence of the Casualty Company policy could in no way reduce the plaintiff's liability to the defendant company. The only claim urged by the plaintiff in support of the contrary conclusion is that the finding above recited that the Casualty Company paid "under its policy," since it is not attacked, requires that result as a matter of law. The general statement in the words quoted cannot be construed as necessarily having this effect. Once the court held the policy issued by the plaintiff valid, there was no obligation under the policy of the Casualty Company to the defendant company, since its liability under the policy was restricted to "excess insurance" only. Therefore, any payment made by the former to the latter was immaterial. *Hartford-Connecticut Trust Co.* v. *Riverside Trust Co.,* 123 Conn. 616, 629, 197 Atl. 766; *Regan* v. *New York & N. E. R. Co.,* 60 Conn. 124, 130, 22 Atl. 503. In the action before the court for decision, no one was seeking a determination of the Casualty Company's rights. It was the rights of the defendant company which, upon the pleadings, were presented for adjudication. There can be a complete adjudication of the rights of the parties under the claims for relief in the answer without making the Casualty Company a party; any decision reached in this action would not be binding upon it; *Sigal* v. *Hartford National Bank & Trust Co.,* 119 Conn. 570, 573, 177 Atl. 742; and

the fact that some of the same issues might be presented in another action to which it was a party would not prevent the court from deciding them in this case. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 614, 174 Atl. 169. The assignment of error attacking the conclusion quoted was well taken, and it fails to afford reason essential to support the court's ruling.

There is error, the judgment is set aside and the case is remanded to the Superior Court solely for a trial of the issues raised by the prayers for judgment contained in the answer.

In this opinion the other judges concurred.