[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the five affirmative special defenses on the grounds that each is legally insufficient to establish a defense to a foreclosure action. The plaintiff also moves to strike the defendant's prayer for relief.
On March 20, 1987, the defendant, Salmon Brook Properties, Inc. executed a promissory note, payable to the plaintiff, Winsted Savings Bank, for the principal sum of advances made up to the amount of $2,300,000. The defendant secured the note with a mortgage on property known as the Gables at Salmon Brook located in Granby, Connecticut.
The plaintiff filed this foreclosure action on April 17, 1990. The defendant filed an answer with affirmative defenses and a prayer for relief on November 8, 1990.
On June 12, 1991, the plaintiff filed a request to revise the defendant's five affirmative defenses and prayer for relief. On June 25, 1991, the defendant filed a "Response to Plaintiff's Request to Revise" in which it incorporated some revisions while objecting to others. The defendant's purported objections in its pleading are not in compliance with Practice Book 149.
On July 19, 1991, the plaintiff filed a motion to strike, the defendant's affirmative defenses and prayer for relief as amended by the defendant's pleading dated June 25, 1991. Pursuant to Practice Book 155, the plaintiff has filed a memorandum in support of the motion to strike, and the defendant has filed a timely memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike must fail if facts provable under the allegations support a defense or cause of action. Id. "In deciding the plaintiff's motion to strike, . . . the court [is] obliged. . . to assume the truth of the allegations contained in the defendants' special defense." Ivey, Barnum, 
O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2,461 A.2d 1369 (1983).
Practice Book 164 "provides in pertinent part that in the answer `facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged.'" Second Exeter CT Page 9970 Corporation v. Epstein, 5 Conn. App. 427, 428-29, 499 A.2d 429
(1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986).
 At common law, the available defenses to a complaint seeking the foreclosure of a mortgage are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien. Conn. Savings Bank v. Reiny, 12 Conn. Sup. 327
(Super.Ct. 1944); Petterson v. Weinstock, 106 Conn. 436, 441 (1927). Equity has permitted mistake, accident and fraud to become valid defenses. Id. at 441-42. Equitable estoppel has also been considered by the court. Tradesman's [sic] National Bank of New Haven v. Minor, 122 Conn. 419, 422-25 (1937).
Bedford Plaza Ltd. Partnership v. Nakhai, 5 CSCR 468 (June 8, 1990, Flynn, J.). Further, "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the Parties." Hartford Federal Savings Loan Ass'n v. Tucker, 196 Conn. 172, 175,491 A.2d 1084, cert, denied, 474 U.S. 920, 106, S.Ct. 250, 88 L.Ed. 258
(1985).
In the first affirmative defense, the defendant alleges that it is "entitled to $160,000.00 in over accelerated payments due upon completed portions of this project and not yet drawn down." The defendant alleges that as part of an agreement between the parties, the plaintiff was to advance payments to the defendant of $100,000 on each completed unit of the project. The defendant further alleges that it actually paid the plaintiff back upon sales at a rate of $125,000 per unit and later at $150,000 per unit, and is therefore entitled to $160,000 in over accelerated payments due upon completed portions of the project and not yet drawn down.
The defendant's apparent choice to pay the plaintiff more per completed unit than the agreed upon amount, is not a legally sufficient defense to a foreclosure action based on default. Therefore, the plaintiff's motion to strike the defendant's first affirmative defense is granted.
The defendant alleges, in its second affirmative defense, that the plaintiff breached its contract by refusing to make further advances on the Gables project.
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of CT Page 9971 action." Commissioner of Environmental Protection v. National Can Corporation, 5 CSCR 173 (February 9, 1990, Corrigan, J.) The defendant has failed to allege any contract provisions that suggest that the plaintiff was obligated to make advances after the expiration of the note. Therefore, the defendant's second affirmative defense fails to allege sufficient facts to support a valid defense to a foreclosure action. The motion to strike is granted as to the second defense.
In its third affirmative defense, the defendant alleges that the plaintiff failed to conduct itself in good faith by refusing to continue making advances after the expiration of the note.
The implied covenant of good faith and fair dealing is rule of construction, and "cannot be applied to achieve a result contrary to the clearly expressed terms of a contract." Eis v. Meyer, 213 Conn. 29, 36-37, 566 A.2d 422 (1989).
In order for the defendant to sufficiently allege a violation of good faith, it must allege contract provisions that the plaintiff breached. Further, the defendant has failed to allege facts that suggest that the plaintiff breached the contract. Therefore, the defendant's third affirmative defense fails to allege sufficient facts to support a valid defense to a foreclosure action and is stricken.
In its fourth affirmative defense, the defendant alleges that the plaintiff was "grossly negligent in its refusal to fund the Salmon Brook project subsequent to November of 1989 and such negligence resulted in the demise of the project."
"Negligence cannot be predicated upon the failure to perform." Behlman v. Universal Travel Agency, Inc., 4 Conn. App. 688,691, 496 A.2d 962 (1985).
The defendant's fourth affirmative defense fails to allege facts that the plaintiff had a duty to continue to advance payments after the expiration of the note. The defendant alleged no contract provision to establish such a duty. Accordingly, the fourth affirmative defense is stricken.
The defendant alleges, in its fifth affirmative defense that the plaintiff "conducted itself willfully, wantonly, recklessly, maliciously and intentionally with the full knowledge of serious economic harm which would be caused by their premature failure to continue to fund the Gables project subsequent to November of 1989. "
Like negligence, to be legally sufficient, wanton and CT Page 9972 reckless misconduct must be predicated on the duty of one party to act. Sherman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985).
Because the defendant failed to allege any contract provisions which obligated the plaintiff to continue to advance payments, it failed to allege that the plaintiff had a duty to do so. Therefore, the plaintiff's motion to strike the defendant's fifth affirmative defense is granted.
Finally, the plaintiff is moving to strike the defendant's prayer for relief following its special defenses. The defendant asks for "$60,000.00 of unpaid draw down as required by Winsted Savings Bank's plan of disbursement, the return of all payments made in excess of the $90,000.00 agreed sum during the pendency of the loan's transaction, the opportunity to execute with plaintiff a deed in lieu of foreclosure, reasonable attorney's fees for having to bring this action, reasonable costs, and such other and further relief as this court may deem just and equitable."
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and crossclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." The Connecticut Supreme Court has determined that v the mere fact that a pleading seeking affirmative relief was entitled "Amendment to Answer" rather than "Cross-Complaint" did not necessarily preclude relief. See American Motorists Insurance Co. v. Weir, 132 Conn. 557, 560-61, 46 A.2d 7 (1946). However, a prayer for damages is only appropriate as part of a counterclaim. New Idea Pattern Co. v. Whelan, 75 Conn. 455,457, 53 A. 953 (1903).
In the instant case the defendant was not merely pleading a counterclaim in the form of a special defense. In its memorandum in opposition to the motion to strike, the defendant states that a counterclaim is an alternative to filing special defenses; an alternative which the defendant states that it did not utilize here. Therefore, the prayer for relief attached to and based upon the defendant's five affirmative defenses is procedurally improper.
Further, because the affirmative defenses upon which the prayer for relief is based are insufficient and stricken, so too is the prayer for relief stricken.
The plaintiff's motion to strike the defendant's five affirmative defenses and prayer for relief is granted. CT Page 9973
M. Hennessey, J.