[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Rebecca Torres (plaintiff) and Jason Crespo (Crespo), CT Page 7220 brought this action against the defendant, Ivan Begic, for injuries they sustained when the defendant's vehicle struck the vehicle operated by Crespo, in which the plaintiff was a passenger. The action was made returnable to this court on March 23, 1999. On March 6, 2000, Crespo reached a settlement agreement with the defendant with respect to his claim. Before a withdrawal of action was filed, however, the defendant filed a cross claim against Crespo seeking apportionment of any liability with respect to the plaintiff. Crespo then filed his withdrawal.[1]
The plaintiff moves to strike the cross claim on three separate grounds: (1) the cross claim was improperly filed pursuant to Practice Book § 10-10; (2) General Statutes § 52-102b is the exclusive means by which to seek apportionment; and (3) a cross claim seeking apportionment only fails to state a cause of action.
The function of the motion to strike is to test the legal sufficiency of a pleading. See RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim to state a claim upon which relief can be granted . . . thatparty may do so by filing a motion to strike the contested pleadings or part thereof." (Emphasis in original; internal quotation marks omitted.)Yale University School of Medicine v. McCarthy, 26 Conn. App. 497, 502,602 A.2d 1040 (1992).
Although the motion to strike admits all facts well-pleaded, neither legal conclusions nor the truth or accuracy of opinions are admitted. SeeMingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 I
Preliminarily, the defendant claims that the plaintiff lacks standing to file a motion to strike directed against his cross claim against Crespo. "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . [Standing is] ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer . . ." (Citations omitted; internal quotation marks omitted.) Malerba v. Cessna Aircraft Co., 210 Conn. 189, 192,554 A.2d 287 (1989).
In Malerba, supra, the Supreme Court held that the plaintiff in a negligence action had standing to move to strike the defendant's third CT Page 7221 party complaint. See Id., 192-93. The court observed: "It is apparent that Practice Book § 117 [now § 10-11] thus arms a third party defendant with the full panoply of procedural options available to address not only the claim of the third party plaintiff but also the claim of the original plaintiff against the original defendant. The addition of two defendants with perhaps greater insights as to both the factual and legal ramifications of the original cause of action creates at least a colorable claim of a likelihood of injury to the plaintiff's cause of action. This being the case, we conclude that the plaintiff had standing to challenge the sufficiency of the third party complaint." Id.,
193.
The court finds the observations in Malerba, supra, relevant. The defendant's cross claim against Crespo renders Crespo the functional equivalent of the third party defendant in Malerba. See Id.; cf. Donnerv. Kearse, 234 Conn. 660, 672-73, 662 A.2d 1269 (1995); General Statutes §§ 52-572h (c) and (d) Further, the plaintiff also has a colorable claim of direct injury. The plaintiff came to court to fix liability and obtain damages against the defendant and no one else. The defendant's cross claim threatens to shift liability for damages, in part, to another person who may not have the same ability to pay, or to pay as readily, as the defendant. Accordingly, for the same reasons expressed in Malerba v.Cessna Aircraft Co., supra, 210 Conn. 189, the court finds that the plaintiff has standing to maintain the motion to strike.
 II
The plaintiff challenges the moniker of the defendant's pleading. Since Crespo still appears in the file as a party plaintiff, and was, in fact, a party plaintiff at the time the cross claim was filed, the plaintiff argues that the defendant's claim against Crespo should be styled a counterclaim rather than a cross claim. See Practice Book § 10-10. "Generally speaking, a counterclaim is a cause of action asserted by one or more defendants against one or more plaintiffs while a cross claim is asserted against one or more codefendants. . . . Cross-claims are litigated by parties on the same side of the main litigation, while counterclaims are litigated, as here, between the opposing parties to the principal action." (Citations omitted; internal quotation marks omitted.)Williams v. Dumais, 34 Conn. Sup. 247, 250, 385 A.2d 686 (1977).
The label of the pleading, however, is not controlling. See Home OilCo. v. Todd, 195 Conn. 333, 342, 487 A.2d 1095 (1985); American MotoristsIns. Co. v. Weir, 132 Conn. 557, 560-61, 46 A.2d 7 (1946). "[T]he construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that CT Page 7222 pleading by the party." (Citations omitted.) Home Oil Co. v. Todd, supra,195 Conn. 340. Mistakenly naming a pleading does not implicate its legal sufficiency. See id.; American Motorists Ins. Co. v. Weir, supra,132 Conn. 560-61. Whether this pleading is termed a cross claim or a counterclaim is irrelevant; its clear purpose is what is important.
 III
The second ground of the motion to strike is that the defendant's cross claim is improper because it is untimely pursuant to General Statutes § 52-102b, entitled "Addition of person as defendant for apportionment of liability purposes." General Statutes § 52-102b
provides, in relevant part: "(a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." (Emphasis added.)
As the title and text of the statute make clear, this provision applies only to bringing new parties into a lawsuit for purposes of apportioning liability. It does not apply to the assertion of apportionment claims against existing parties. This conclusion is buttressed by the language of General Statutes § 52-102b (f) which states: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." (Emphasis added.) Hence, General Statutes § 52-102b is inapplicable here because the defendant does not seek to add an additional party.
I am aware that a number of superior court judges have flatly held that an apportionment complaint may not be filed against a party. These cases largely rely on the language of General Statutes § 52-102b(a) quoted supra, that "a defendant may serve a writ, summons and complaint upon a person not a party to the action. . . ." (Emphasis added.) I disagree with these cases.
"Our resolution of the issue is guided by well established principles of statutory construction. The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to CT Page 7223 the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Stern v. Allied Van Lines, Inc.,246 Conn. 170, 176, 717 A.2d 195 (1998).
First, the words of § 52-102b simply do not say that a defendant may not file an apportionment complaint against an existing party. It says that a defendant "may serve a writ, summons and complaint upon a person not a party. . . ." (Emphasis added.) "This conclusion is buttressed by applying another principle of statutory construction. [W]hen the language used [within a statute] is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all of its provisions . . . [as well as] its title. . . ." (Internal quotation marks omitted.) State v. Ryan, 48 Conn. App. 148, 157, 709 A.2d 21, cert. denied, 244 Conn. 930, 711 A.2d 729 (1998). The title of the statute is "Addition of person[s] as defendant[s] for apportionment of liability." (Emphasis added.)
Second, the legislative history is strikingly silent on whether or how an apportionment claim may be asserted by a defendant against another party. See 38 H.R. Proc., Pt. 9, 1995 Sess., pp. 3266-3276; 38 Sen. Proc., Pt. 8, 1995 Sess. pp. 2559-2560, 2606-2608; Connecticut Joint Standing Committee Hearings, Judiciary Committee, Pt. 6, pp. 1706, 1713-15, 1735-39, 1752-57, 1778, 1780, 2019-2022, 2026-27, 2121-22.
With respect to the circumstances surrounding the enactment of General Statutes § 52-102b, it is well-known that prior to the enactment of § 52-102b there was "a split in authority among the superior courts as to the proper method to bring additional parties into the action for apportionment." Stropparo v. Woodlot Associates, Superior Court, judicial district of New London at New London, Docket No. 521379 (Jan. 12, 1995,Hendel, J.) (13 Conn.L.Rptr. 287); accord, Sheehy v. Bic Corp.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 328505 (Dec. 15, 1992, Maiocco, J.) (8 C.S.C.R. 100). Section 52-102b(f) declares that this question of method is legislatively settled. "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." (Emphasis added.) General Statutes § 52-102b(f). A statute, such as § 52-102b, that governs how a defendant may add a party and assert an apportionment claim against him does not govern how to do so with respect to existing parties.
The silence of § 52-102b and its legislative history is significant when viewed with reference to its "common law" antecedent. Prior to the CT Page 7224 enactment of the statute in 1995, judges routinely entertained apportionment complaints by defendants against other parties. See, e.g.,Dutra v. Longobardi, Superior Court, Judicial District of New Haven, No. 350425 (Jan. 5, 1995) (Hadden, J.).[2] If the legislature had intended to preclude apportionment claims by defendants against existing parties, it could have done so and would have done so in clear language. It did not.
Baxter v. Cardiology Associates of New Haven, P.C., 46 Conn. App. 377,699 A.2d 271, cert. denied, 243 Conn. 933, 702 A.2d 640 (1997), is far from being on all-fours, but it is instructive. In that case the defendants claimed on appeal that the trial court erred in ruling that the jury could not consider apportionment of liability against a hospital, which had become a "settled or released person." Id., 379. The defendants argued that the question of apportionment of liability, albeit of a settled or released party, arises automatically by virtue of General Statutes § 52-572h. The Supreme Court disagreed and, quoting Adcox v.Children's Orthopedic Hospital Medical Center, 123 Wash.2d 15, 25-26,864 P.2d 921 (1993), stated: "Without a claim that more than one party is at fault, and sufficient evidence to support that claim, the trial judge cannot submit the issue of allocation to the jury." (Emphasis added.)Baxter v. Cardiology Associates of New Haven, P.C., supra,46 Conn. App. 382.
General Statutes § 52-572h "set forth two classes of persons whose negligence must be considered by the trier of fact: (1) the `parties' to the action; and (2) `settled or released persons,' as that term is illuminated in subsection (n)." Donner v. Kearse, 234 Conn. 660, 671,662 A.2d 1269 (1995). The plaintiff Crespo has made it perfectly clear that he has no interest in remaining in this litigation. Once he withdraws he will be neither a party nor a "settled or released person" within the ambit of § 52-572h. See, e.g., General Statutes §52-572h(n) ("a release, settlement or similar agreement entered into by aclaimant and a person discharges that person). He would be a claimant settling, not a settled or released person. It is not enough to argue that Crespo may later be brought back into the litigation pursuant to General Statutes § 52-102b. First, at best, such an "argument would simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road." (Internal quotation marks omitted.) Carnese v.Middleton, 27 Conn. App. 530, 538, 608 A.2d 700 (1992). Second, there would be a serious question of the timeliness of bringing Crespo back into the case. (Indeed, this is Crespo's claim now.) Most superior court judges have held that the time period in § 52-102b for adding an apportionment defendant — 120 days from the return date — is mandatory. Third, were Crespo to voluntarily withdraw on the eve of trial, after witnesses have been subpoenaed and the court and counsel CT Page 7225 have blocked off their calendars, he would create a fiasco, a waste of time and resources and no guarantee that the court will then permit Crespo to be impleaded pursuant to General Statutes § 52-102b. At rock bottom, Crespo's argument subverts the public policy behind the amendment to General Statutes § 52-572h in Tort Reform I and II abrogating joint and several liability and providing "that a defendant should be liable only for that proportion of the damages for which he or she was responsible." Bhinder v. Sun Oil, 246 Conn. 223, 238, 717 A.2d 202
(1998).
Viewing from another point of view the quagmire that prohibiting an apportionment complaint in this situation would wrought, there is nothing preventing a defendant who seeks apportionment from asserting grounds of negligence different than those asserted by the plaintiff. If an apportionment complaint is not permitted or required against a present party, that party may have no notice of the claim for apportionment let alone the specifications of negligence until the end of the presentation of evidence. Nor may that party have any pretrial notice, in the way of discovery, of the evidence (including expert evidence) to be presented against him. While such a case may not be this case as yet, the opportunities for a proverbial "trial by ambuscade" are breathtaking and raise a real and fundamental question of procedural due process. "It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." Osterlund v.State, 129 Conn. 591, 596, 30 A.2d 393 (1943). "What is in issue is determined by the pleadings and these must be in writing." Telesco v.Telesco, 187 Conn. 715, 720, 447 A.2d 752 (1982).
"[W]hen two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results . . . In construing a statute [governing recovery for negligence], common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." Stoni v. Wasicki, 179 Conn. 372, 376-77,426 A.2d 774 (1979) (construing § 52-572h).
For the foregoing reasons, the court holds that General Statutes §52-102b does not preclude the assertion of an apportionment complaint against a present party.
 IV
The final ground of the motion to strike is that the cross claim, which seeks an apportionment of liability only, does not seek "affirmative relief," which presumably means damages. CT Page 7226
"Numerous Superior Court decisions have held apportionment counterclaims legally insufficient because of their failure to seek affirmative relief." Calarco v. Spector, Superior Court, judicial district of New Haven at New Haven, Docket No. 382004 (April 3, 1997,Silbert, J.); see also cases collected therein. "These decisions, the reasoning of which is persuasive, are predicated on Wallingford v. GlenValley Associates, Inc., 190 Conn. 158, 160, 459 A.2d 525 (1983), where the Supreme Court stated that `Under [Practice Book § 116 [now §10-10]] a counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action.' See Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095
(1985) (a counterclaim is a cause of action against the plaintiff in favor of the defendant that allows recovery by the defendant)." Id. InMcDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (June 23, 1998) (22 Conn.L.Rptr. 364), Judge Martin extended this holding to cross claims.
Again, I disagree. Practice Book § 10-20, entitled "Contents of Complaint," simply provides: "The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall include the information required by General Statutes § 52-91." Practice Book § 10-10 provides, in relevant part: "A defendant may also file a counterclaim or cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant."
Neither the Practice Book, in any relevant provision, nor the Connecticut General Statutes, employ the term "affirmative relief."[3]
Indeed, the clear implication of the final sentence of Practice Book § 10-20 is that money damages are only one form of relief that a complaint may seek. Moreover, General Statutes § 52-572h (h) contemplates that, in another context, an original action for contribution may brought.[4]
The reference in Wallingford v. Glen Valley Associates, Inc., supra,190 Conn. 160, to "affirmative relief" must be understood in contradistinction to the relief sought by a defendant, for example, on a pre-trial motion — dismissing or striking a complaint or rendering judgment against a complaining party. In any event, asking a court to CT Page 7227 shift liability for a personal injury to another party is a sufficient request for "affirmative relief." Obviously, it is the obligation to pay money damages that the defendant seeks to deflect. Adding the words "money damages" to the defendant's claim for relief is unnecessary and would be inaccurate.
The motion to strike is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court