[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 4283 RE APPORTIONMENT DEFENDANT. MARY SHARIF'S MOTION FOR SUMMARY JUDGMENT (No. 119.01)
The motion now before the court involves a question of statutory construction. Conn. Gen. Stat. § 52-102b(a) provides that, "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability." The question is whether this provision precludes service of an apportionment complaint upon one plaintiff in circumstances where that plaintiff may be proportionately responsible for damages separately claimed by a co-plaintiff in the same action. For the reasons that briefly follow, the answer to this question is in the negative.
The case arises out of a two-car crash. One car was driven by the lead plaintiff, Mary Sharif. The second car was driven by the lead defendant, Trevor Peck. A third party involved in the action, Paul Toney, was a passenger in the car driven by Sharif.
This action was commenced by service of process in 1999. Sharif and Toney are both named as plaintiffs. Peck and the owner of his vehicle, General Motors Acceptance Corp. (collectively referred to as "Peck"), are named as defendants.
On December 1, 1999, Peck served an apportionment complaint on Sharif pursuant to § 52-102b. The apportionment complaint states that Toney claims that he was injured in the crash. It then asserts that Toney's losses were caused by the negligence of Sharif in driving her vehicle. In the event that Toney prevails in his first-party action, the apportionment complaint claims that Peck should be liable for no more than his proportionate share of damages.
On July 17, 2000, Sharif filed the motion for summary judgment now before the court. The motion seeks judgment for the apportionment defendant (i.e. Sharif) on the apportionment complaint. It claims that § 52-102b does not apply to Sharif, since she is "a party to the action." The motion was heard on March 26, 2001.
The question is whether Sharif is "a party to the action" within the meaning of § 52-102b(a). The legislature has not defined the term "party." The Supreme Court has cautioned that, "[A]nalyzing the word `party' by its `commonly approved usage' is inappropriate. Ordinarily, the CT Page 4284 word `party' has a technical legal meaning, referring `to those by or against whom a legal suit is brought. . . .'" Lieberman v. ReliableRefuse Co., 212 Conn. 661, 669, 563 A.2d 1013 (1989). The Court has construed the term quite narrowly. Thus, in Donner v. Kearse,234 Conn. 660, 662 A.2d 1269 (1995), the Court held that Conn. Gen. Stat. § 52-572h(f) — which requires a jury to find the percentage of negligence "attributable to each party" — did not require a jury to consider the negligence of a plaintiff who had withdrawn his action. 234 Conn. at 672. The withdrawn plaintiff inDonner was, as it happened, Donner himself. Id. A person looking at the caption of the case might understandably conclude that Donner was a "party," but a functional analysis revealed otherwise. Such a functional analysis is called for here.
This case is functionally two cases: Sharif versus Peck and Toney versus Peck. If Sharif and Toney had retained separate counsel and filed their respective actions independently, there could be no question that Peck could file an apportionment complaint against Sharif in the action brought by Toney. Sharif would not be a party to that action. Functionally, it is no different here. Although Sharif and Toney may have their cases tried together, the jury must be instructed to consider the claims of the two plaintiffs separately. Sharif is not a "party" to Toney's claim. Tone's claim must rise or fall on its own merits. If Toney prevails in his claim, Peck has every right to have the jury consider the contribution of Sharifs negligence, in any, in causing Toney's injuries.
The motion for summary judgment is denied.
Jon C. Blue Judge of the Superior Court