[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Joseph Rubbak and Mila Rubbak, filed a complaint against the defendant, Earl C. Thompson, on August 29, 2000, for injuries they sustained when the defendant's vehicle collided with the vehicle operated by Joseph Rubbak, in which the plaintiff, Mila Rubbak, was a passenger. The defendant filed an answer, a special defense of contributory negligence and a cross claim against Joseph Rubbak. The cross claim repeats the allegation of contributory negligence and seeks "an apportionment of liability as to the plaintiff, Joseph Rubbak."
Mr. Rubbak has filed a motion (#114; Sh. Cal. 1/29/01, col. 5, pos. 46) to strike the defendant's cross claim for apportionment of liability on the ground that General Statutes § 52-102b is the exclusive provision by which to apportion liability and the statute does not provide for such cross claims against persons already parties.
The defendant relies upon Donner v. Kearse, 234 Conn. 660, 662 A.2d 1269
(1995), in arguing that a cross claim for apportionment against Joseph Rubbak should be allowed. Donner v. Kearse, however, is not controlling CT Page 5036 because it is factually distinguishable. In that case, the issue was whether General Statutes § 52-572h requires a jury to consider the negligence of a plaintiff who had withdrawn his action in apportioning the amount of damages for which the defendant is responsible. Id., 661-62.
The majority of Superior Court decisions hold that § 52-102b
precludes a cross claim for apportionment against someone who is already a party to the action. See Apicelli v. Indian Nations, Superior Court, judicial district of New London at Norwich, Docket No. 119305 (December 11, 2000, Martin, J.); Cullen v. Czaikowski, Superior Court, judicial district of New Haven at New Haven, Docket No. 417339 (April 12, 1999,Jones, J.) (24 Conn.L.Rptr. 357); Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997,Skolnick, J.) (20 Conn.L.Rptr. 100). In Torres v. Begic, Superior Court, judicial district of New Haven, Docket No. 423742 (June 13, 2000,Levin J.) (27 Conn.L.Rptr. 403), however, the court took the opposing view and held that § 52-102b does not preclude the assertion of a cross claim seeking apportionment against a present party.
This court is persuaded by the majority view that a cross claim seeking apportionment of liability may not be filed against someone who is already a party to the action. Here, the defendant has alleged the carelessness and negligence of Joseph Rubbak in his special defense of contributory negligence and, therefore, he is not without a procedural vehicle by which to raise this issue of the plaintiff's culpability. Accordingly, the plaintiff's motion to strike the defendant's cross claim for apportionment of liability is granted.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of April, 2001.
William B. Lewis, Judge