[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
On June 9, 1999, the defendant, Ellis Holder (Holder), was operating a vehicle owned by the defendants, Keane Thummel Trucking (Keane), when a large plastic bucket fell from the vehicle and struck the vehicle of the plaintiff, Desmond Pryce (Pryce), allegedly causing Pryce and his passenger, the plaintiff; Virginia Rivera (Rivera), to sustain personal injuries. In their four-count amended complaint, Pryce and Rivera have sued Keane, Holder and Altec, Industries, Inc. (Altec), the owner and/or manufacturer of the plastic bucket, for negligence.[1] The first count of the complaint alleges that the negligence of Holder and Keane caused injury to Pryce; the second count alleges that the negligence of Holder and Keane caused injury to Rivera; the third count alleges that Altec's CT Page 9942 negligence caused injury to Pryce; and the fourth count alleges that Altec's negligence caused injury to Rivera. Holder and Keane, in their answer, raise the contributory negligence of Pryce as a special defense to both plaintiffs' claims in counts one and two.[2] They also bring an apportionment claim against Pryce, claiming that he may be liable for a proportionate share of Rivera's damages pursuant to General Statutes §§ 52-102b and 52-572h.
Pryce has filed the present motion to strike the apportionment claim on two grounds: first, General Statutes § 52-102b does not permit an apportionment complaint against a party to the action; second, an apportionment complaint cannot be asserted as a counterclaim.
DISCUSSION
The purpose of a motion to strike is to "challenge the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). In determining the sufficiency of a complaint, "all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). The court must construe the complaint "in the manner most favorable to sustaining its legal sufficiency." (Internal citation omitted.) Id. "A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985); see also Practice Book § 10-39(1).
 A
General Statutes § 52-572h (c) provides that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages." General Statutes § 52-102b is the exclusive means by which a defendant may add a party for purposes of apportionment. General Statutes § 52-102b (f). Subsection (a) of the statute provides that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who CT Page 9943 is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." (Emphasis added.) General Statutes §52-102b (a).
The judges of the Superior Court are currently split as to whether § 52-102b permits a defendant to bring an apportionment claim against a plaintiff in the action. Many judges hold that since the language of the statute specifically refers to "a person not a party," it does not permit such claims. See, e.g., Rubbak v. Thompson, Superior Court, judicial district of Hartford, Docket No. 180009 (April 6, 2001, Lewis,J.) (29 Conn. L. Rptr. 316); Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn. L. Rptr. 100, 101); Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996, Vertefeuille,J.) (17 Conn. L. Rptr. 275); Samela v. Reed, Superior Court, judicial district of Litchfield, Docket No. 068641 (December 1, 1995, Pickett,J.). Some judges, however, have allowed the apportionment complaint. See, e.g., Sharif v. Peck, Superior Court, judicial district of New Haven, Docket No. 429034 (March 27, 2001, Blue, J.) (29 Conn. L. Rptr. 311) (holding that the apportionment claim should be allowed because the plaintiff was not a party to the action within the meaning of § 52-102b
(a)); Torres v. Begic, Superior Court, judicial district of New Haven, Docket No. 423742 (June 13, 2000, Levin, J.) (27 Conn. L. Rptr. 403, 404-06) (allowing the apportionment claim because § 52-102b (a) applies only when the defendant seeks to add a party); Farmer v.Christianson, Superior Court, judicial district of Rockville, Docket No. 71954 (May 4, 2000, Sullivan, J.) (27 Conn. L. Rptr. 196, 613) (allowing apportionment against a nondefendant). This Court sides with the former view. It is clear from the plain language of § 52-102b (a) that the statute applies only to persons not already parties and in this case, Pryce is a party. Thus, there is no statutory authority by which this court may allow the apportionment claim.
Yet, there is some relief for the defendants. Once a person is already a party to an action, § 52-572h (c) allows the jury to apportion damages among the parties as long as the negligence of each of the allegedly responsible parties is before the jury. Section 52-572h (c) provides that in cases where the jury determines that "the damages are proximately caused by more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party'sproportionate share of the recoverable economic damages and the recoverable noneconomic damages." (Emphasis added.) The defendants have raised Pryce's negligence as a special defense against his claim in the first count of the complaint. Therefore, in Pryce's claim against Holder and Keane, the jury must determine what percentage of liability to assign CT Page 9944 each of the parties. Under § 52-572h (c), if the jury finds that Pryce is partly liable for the accident, the jury is not free, when it considers Rivera's claim against Holder and Keane in the second count of the complaint, to assign them a share that is greater than theirproportionate share of the damages. So, for example, if the jury were to determine, in Pryce's claim against Holder and Keane, that Pryce was liable for twenty percent of the damages and the defendants were liable for only eighty percent, they cannot then, in Rivera's claim against Holder and Keane, require the defendants to pay any more than eighty percent of Rivera's damages. See Samela v. Reed, supra, Superior Court, Docket No. 068641.
 B
The second ground on which Pryce moves to strike the apportionment complaint is that it impermissibly asserts a counterclaim that seeks no affirmative relief. Though the defendants did not label their apportionment complaint a counterclaim, "the construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party." HomeOil Co. v. Todd, 195 Conn. 333, 340, 487 A.2d 1095 (1985). "[I]n any action for legal or equitable relief; any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . Southbridge Associates, LLC v. Garafalo,53 Conn. App. 11, 21, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). A counterclaim has been defined as "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1982 Sup.) 129b; Home Oil Co. v.Todd, supra, 195 Conn. 341; see also Ernst Steel Corp. v. Reliance Ins.Co., 13 Conn. App. 253, 268, 536 A.2d 969 (1988). Since the defendants' apportionment claim arises out of the same transaction that is the subject of Pryce's complaint, and since the defendants seek thereby to reduce the plaintiffs' recovery, the defendants' apportionment claim clearly seeks to bring a counterclaim against the plaintiffs.
A counterclaim, however, "is a cause of action . . . on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983); see also Somers v. Heise,
supra, 17 Conn. L. Rptr. 275. Therefore, an apportionment counterclaim is legally insufficient since it does not seek affirmative relief. CT Page 9945
CONCLUSION
For the foregoing reason, the plaintiff's motion to strike is granted.
Berger, J.